**LASHBROOK et al.**

v.

**KENNEDY MOTOR LINES, Inc. et al.**

Civ. Nos. 8246, 8247, 8248 and 8249.

United States District Court,
W. D. Pennsylvania.
March 24, 1954.

4. U. S. v. 178 Gambling Devices, supra.

Frederic G. Weir, Pittsburgh, Pa., for plaintiffs.

Sanford M. Chilcote. Pittsburgh, Pa., for defendants.

Joseph Weis, Jr., Pittsburgh, Pa., for third party defendant.

GOURLEY, Chief Judge.

This proceeding arises out of an automobile accident which occurred on the Pennsylvania Turnpike. The Honorable William Alvah Stewart, my former associate, now deceased, administered the cases with jury trial and verdicts were returned in favor of each of the plaintiffs.

On the basis of Rule 63 of the Federal Rules of Civil Procedure, 28 U.S.C., I am satisfied that the record speaks with sufficient clarity and completeness for me to dispose of the matter which exists for adjudication, and that no necessity exists to hear the case de novo.

The instant motion is for a new trial and/or judgment notwithstanding the verdict.

It appears the members of the Lashbrook family, consisting of the Reverend John Lashbrook, his wife, and their three minor children, were involved in an accident with a tractor truck owned and operated by one named Kuty but leased to Kennedy Motor Lines, Inc. In all of the actions of the Lashbrooks and their three minor children against Kuty and Kennedy Motor Lines, Inc., John W. Lashbrook was joined as a third party defendant.

Verdicts were returned in favor of each of the plaintiffs against Kuty and Kennedy. Verdict was returned in favor of Lashbrook, third party defendant, and against Kuty and Kennedy.

### Motion for Judgment N.O.V.

I believe that in construing the evidence most favorable to the plaintiff and the reasonable inferences to be drawn therefrom that sufficient evidence exists to premise the finding of negli-

gence on the part of the defendants, Kuty and Kennedy, and the lack of negligence on the part of the third party defendant, John W. Lashbrook. Masterson v. Pennsylvania R. R., 3 Cir., 182 F. 2d 793; Meyonberg v. Pennsylvania R. R., 3 Cir., 165 F.2d 50; Williams v. Reading, 3 Cir., 175 F.2d 32.

Motion for judgment notwithstanding the verdict will, therefore, be refused.

### Motion for New Trial.

As relates to motion for new trial, the crucial question for determination is whether the trial court erred in charging the jury that as a matter of law Kennedy Motor Lines, Inc. remained liable for the negligence of Kuty up to and including the time of the happening of the accident.

Defendant Kennedy Motor Lines, Inc. was the holder of various franchises granted by the Interstate Commerce Commission. Having accepted a shipment to be delivered under one of these franchises, Defendant Kennedy Motor Lines, Inc., entered into a "trip lease" with Defendant Kuty under the terms of which he undertook to use his tractor and trailer to transport the shipment consisting of consigned furniture to several points in and about Pittsburgh, Pennsylvania.

Kuty had completed the deliveries of the merchandise to the consignees and had in his possession receipted invoices certifying thereto. The day after delivery, Kuty commenced his return trip to New York City and arrived at a point seventy miles East of Pittsburgh on the Pennsylvania Turnpike at a service station or stop known as "Somerset." While there, he met his brother who had experienced difficulty with his motor vehicle and after conversation with him agreed to return to Pittsburgh to secure mechanical parts for his brother's vehicle. Kuty disengaged his tractor vehicle from the trailer, went to Pittsburgh on behalf of his brother, and when a point was reached at or near the service station at Somerset, the accident occurred.

On the basis of these facts, the trial court charged the jury that as a matter of law at the time of the collision Kuty was acting within the scope of his employment with Kennedy and was, therefore, responsible for any negligence on the part of Kuty which contributed to the accident.

The Court seemed to base his conclusions as to his interpretation of the law on the thesis that Kennedy had in his possession at the time of the accident the bills of lading or receipted invoices for the goods delivered although it was developed that Kuty could have mailed said documents to Kennedy.

Whether or not Kuty, at the time the collision occurred, was engaged in the business of Kennedy was, at best, a factual question for the jury requiring, as it must, a most careful weighing of the facts and surrounding circumstances. To remove this all-important factual question from the jury, in my judgment, constituted such basic error as to justify the granting of a new trial.

In addition, the Court appeared to premise its ruling on the Restatement of Torts, § 428:

> "An individual or a corporation carrying on an activity which can be lawfully carried on only under a franchise granted by public authority and which involves an unreasonable risk of harm to others, is subject to liability for bodily harm caused to such others by the negligence of a contractor employed to do work in carrying on the activity."

I do not question the validity of the rule herein enunciated. But nothing in the rule indicates its applicability to a lease which has terminated upon delivery of the freight.

I cannot but help conclude, therefore, that the question of whether Kuty was acting in behalf of Kennedy, pursuant to the lease agreement at the time the accident occurred, was distinctly a jury question.

In view of the fact that the trial judge in charging the jury referred to the "left-hand eastbound lane, also called the passing or fast lane * * *" and "the right-hand or slow eastbound lane"

of the Pennsylvania Turnpike, and in a subsequent reference spoke of the "slow moving lane" and the "fast lane," I am compelled to conclude that an incongruity arose in the jury's mind which must have inevitably contributed to their confusion.

The Pennsylvania Turnpike Commission is authorized to promulgate rules and regulations governing the movement of traffic upon the Pennsylvania Turnpike. 75 Pa.P.S. § 643. A review of the regulations which relate to speed and the passing of vehicles make no provision for a "fast" or "slow" lane. The speed limit for passenger vehicles is seventy miles per hour with lesser speeds for trucks, depending upon the weight capacity of the truck vehicle. 75 Pa.P.S. § 501.

Likewise, recognizing the fact that the element of contributory negligence must be considered by the jury in evaluating the liability of the various parties in the retrial of this case, a new trial should be granted as to the action between Kennedy Motor Lines, Inc. and John W. Lashbrook, third party defendant.

An appropriate Order is entered.