## 18130

Richard Ward THOMAS, Respondent, v. Millie Mack THOMAS, Appellant

(133 S. E. (2d) 751)

*Messrs. Edens, Woodward & Butler,* of Columbia, *for Appellant,*

*Messrs. Rogers & McDonald,* of Columbia, *for Respondent,*

*Messrs. Edens, Woodward & Butler,* of Columbia, *for Appellant, in Reply.*

December 4, 1963.

LEWIS, Justice.

The question presented is whether the time in which to file an appeal from a decree of divorce issued by the Juvenile and Domestic Relations Court for Lexington County begins to run from the date of notice of the issuance of such decree, or from the date of notice of the filing thereof in the office of the clerk of the circuit court for said county.

On March 29, 1962 the judge of the Juvenile and Domestic Relations Court signed a decree of divorce in this cause, which was served upon counsel for both parties on the following day, March 30, 1962. An order modifying the aforesaid decree was issued by the same court on October 22, 1962 and served upon the parties and their counsel on October 23, 1962. Neither the divorce decree nor modification order was ever handed to or filed with the clerk of the circuit court for Lexington County.

On March 22, 1963, approximately one year after written notice of the divorce decree and five months after written notice of the order modifying said decree, the defendant noticed appeals to the circuit court from both the decree and the order. These appeals were subsequently dismissed by the circuit court upon the ground that they were not timely filed, and the defendant has appealed.

The defendant contends that the applicable statutes require that divorce decrees issued by the Juvenile and Domestic Relations Court for Lexington County be filed in the office of the clerk of the circuit court for that county; and that the time for filing an appeal therefrom begins to run from the date of notice of such filing and not from the date of the notice of the issuance of such decrees, as contended by the plaintiff and held by the lower court. Our decision is governed by the statutory provisions which grant the right of appeal and prescribe the procedure to be followed in exercising such right.

The Juvenile and Domestic Relations Court for Lexington County was created by Act No. 62 of the 1957 Acts of the General Assembly, now Sections 15-1311 through Section 15-1311.30 of the 1962 Code of Laws. Admittedly, appeal from said court is, in the first instance, to the circuit court. With regard to the procedure governing such appeals, Section 15-1311.30 provides as follows:

"Any party to a proceeding may appeal from any order or decree of the court to the circuit court *in the manner now provided for appeal to the circuit court from other inferior courts.*" (Emphasis added.)

The Juvenile and Domestic Relations Court for Lexington County is an inferior court and, under the foregoing statutory provision, appeals from that court are governed by the procedure established for appeals from other inferior courts.

Sections 7-301 et seq. of the 1962 Code of Laws are the only statutes which refer generally to the procedure for appeals from *inferior courts.* Section 7-301 provides that

"[w]hen a judgment is rendered by a magistrate's court, by the governing body of a county or by any other inferior court or jurisdiction, * * *, the appeal shall be to the circuit court of the county wherein the judgment was rendered * * *." Section 7-302 prescribes the time in which such appeals shall be taken, the pertinent portions of which are as follows:

"The appellant shall within five days after written notice of judgment has been given him or his attorney by the magistrate (except when the judgment is announced at the trial in the presence of the appellant or his attorney in which event no written notice shall be necessary), serve a notice of appeal, stating the grounds upon which the appeal is founded."

Section 15-1311.30, *supra,* makes the foregoing provisions of Section 7-302 applicable to appeals from the Juvenile and Domestic Relations Court for Lexington County by providing that appeals may be taken from that court "in the manner now provided for appeal to the circuit court from other inferior courts." Therefore, a notice of appeal from an order or decree of that court must be served within five days after written notice of judgment has been given, or within five days from the announcement of such judgment, if made at the trial in the presence of appellant. The appeals in this cause to the circuit court were not noticed within the five day period allowed and were properly dismissed because not timely filed.

The simple answer to the contention of the defendant, that the time for filing an appeal from the divorce decree issued by the Juvenile and Domestic Relations Court began to run from the date of the filing thereof with the clerk of the circuit court, is that no such provision is contained in the applicable statutes. We are not here concerned with the statutory provisions relating to the filing of divorce decrees with the clerk of court. Neither is it pertinent that a different procedure may have been prescribed for appeals from Juvenile and Domestic Relations Courts established in certain other counties in the State. The issue here is whether the defendant has complied with the statutory provisions relating to appeal

from the Juvenile and Domestic Relations Court of Lexington County. The applicable statutes prescribe no such condition as that urged by the defendant and we have no right to amend the statute to so provide.

The case of *Archer v. Long*, 46 S. C. 292, 24 S. E. 83, so strongly relied upon by the defendant is not apposite. That decision involved an appeal from the circuit court to the Supreme Court, and was controlled by different statutory provisions from those here involved.

Affirmed.

MOSS, BUSSEY and BRAILSFORD, JJ., concur.

TAYLOR, C. J., did not participate.