### ARCHER v. LONG.

1. APPEAL—NOTICE—CODE.—The date of the filing of an order, or of notice of its being filed, is that from which the time for appeal commences to run, even when the attorneys had actual notice of the signing of the order by the Circuit Judge previously.   Sec. 345 of Code construed.
MR. CHIEF JUSTICE McIVER, *dissenting*.

Motion, November term, 1895, by Sarah J. Archer, plaintiff, appellant, in case of Sarah J. Archer against J. G. Long, as sheriff of Union County, to reinstate appeal, dismissed by clerk under Rule 1.

*Mr. W. W. Thompson*, for motion.

*Messrs. Carlisle & Hydrick*, contra.

March 21, 1896. The opinion of the court was delivered by

MR. JUSTICE GARY.   This is a motion to reinstate the appeal herein, which was dismissed by the clerk of this court, on the ground that the return was not filed within the time prescribed by law.

It appears that Messrs. Duncan & Sanders, the plaintiffs' attorneys, served Messrs. Carlisle & Hydrick, defendant's attorneys, with notice of motion, before his honor, W. C. Benet, Circuit Judge, at Spartanburg Court House, on Wednesday, 7th August, 1895, for an order allowing

the plaintiffs to introduce testimony in their behalf, before
J. W. Nash, who had been appointed special master, show-
ing the value of certain property mentioned in the notice.
After hearing argument for and against the motion, his
honor, Judge Benet, said that he would refuse the motion,
gave his reasons for so doing, and requested the attorneys
for plaintiffs and defendant to each prepare an order incor-
porating the reasons assigned by him for refusing the mo-
tion. On the next day the attorneys for plaintiffs and
defendant each presented an order, and his honor signed
the order as prepared by the attorneys for defendant, after
it had been submitted to and read by the attorneys for the
plaintiffs. This order was filed in the Court of Common
Pleas for Union County on October 5, 1895. Messrs. Dun-
can & Sanders, shortly after the granting of said order,
withdrew from the case, and on the 28th day of August,
defendant's attorneys served upon W. W. Thompson, Esq.,
one of the plaintiffs' attorneys, a copy of the order of his
honor, Judge Benet. On the 10th day of September, 1895,
defendant's attorney received through the mail a letter
from the said W. W. Thompson, Esq., enclosing notice
of intention to appeal, with exceptions. On the follow-
ing day, September 11, 1895, and by the first mail going
from Spartanburg to Greenwood, defendant's attorneys en-
closed said notice of appeal, with endorsement that it was
not served within the time required by law. On October
15, 1895, W. W. Thompson, Esq., served upon the defend-
ant's attorneys a second notice of intention to appeal from
the order of his honor, Judge Benet, and also the excep-
tions to said order. Defendant's attorneys immediately
returned the same, with the endorsement that they were
not served within the time required by law. Mr. Hydrick,
one of the defendant's attorneys, in his affidavit, states that
the order of his honor, Judge Benet, was not filed in the
office of the clerk of the court until October 5, 1895, and
that the reason said order was not filed earlier was that de-
ponent had it with the record (a large bundle of papers)

before Judge Benet, at Spartanburg, and, as deponent expected to go to Union to attend a reference immediately after the adjournment of the court at Spartanburg, he thought it would be safer and better to wait until he went down to Union, and carry the records down by hand; but the reference which the deponent expected to attend was postponed, and deponent thought no more about the papers until the 5th of October, 1895, when Mr. Thompson served him with a notice in this case, and, upon its being brought to mind, he immediately forwarded all the papers, including said order, to the clerk for Union County.

The sole question involved in this case is, whether the time within which the plaintiffs were required to serve their notice of intention to appeal, commenced to run from the time that written notice of the order was served upon plaintiffs' attorneys, to wit: on the 28th of August, 1895, or from the time said order was handed to the clerk of the court to be filed. Section 345 of the Code provides: "In every appeal to the Supreme Court from an order, decree or judgment granted or rendered at chambers, from which an appeal may be taken to the Supreme Court, the appellant or his attorney shall, within ten days after written notice that such order has been granted, or decree or judgment rendered, give notice to the opposite party or his attorney of his intention to appeal," &c. An order does not become a public record nor confer rights which may be reviewed on appeal until it has been handed to the proper officer for filing. "A paper is said to be filed when it is delivered to the proper officer, and by him received to be kept on file." 1 Bouv. Law Dict., 524, cited with approval in *Sternburger* v. *McSween*, 14 S. C., 43. So important does the law regard the act of filing, that, under the act of 1879 (16th Stat., 411), which requires agricultural liens to be filed in the office of the register of mesne conveyance, and an index thereof to be kept by that officer, a lien filed and immediately thereafter withdrawn by the lienee and retained in his possession, is not constructive notice to third party, not-

withstanding the proper entry appears in the index. *Stern-berger* v. *McSween, supra.* The importance of filing is also shown by the case of *Cromer* v. *Boinest,* 27 S. C., 445. In the case of *Sternberger* v. *McSween,* the court says: "When papers are placed on file in a public office, they become public records, open to the inspection of the public, under proper regulations," &c. Until the paper has been delivered by the judge to the clerk of the court, to be filed by him as an order in the case, it is subject to the control of the judge, and may by him be withdrawn at any time before such delivery. In the case of *Genobles* v. *West,* 23 S. C., 160, the Circuit Judge well says: "A judgment is the final determination of the rights of the parties in an action. While the written instrument, purporting to be the judgment, in a cause remains in the possession of the judge who is to pronounce it, it is of no effect, and, like a deed, not delivered. The moment, however, it is filed by the clerk of the court, it becomes the judgment of the court, and fixes the rights of the parties. The recording of the judgment or order is only to give notice, and secure the safety of the record of the solemn acts of the courts. This seems to be the principle on which the case of *Clark* v. *Melton* (19 S. C., 498,) is founded." The reason for the strict compliance with the law is for the preservation and public inspection of the records, which would, to a great extent, be prevented if a paper should be regarded as a record in the case before it had been delivered to the proper officer for filing. Some support is given to the views we entertain by the case of *State* v. *McKetrick,* 13th S. C., 439, in which the Supreme Court refused to hear the appeal from the sentence imposed upon the prisoner, because it was sealed and had not been published when the prisoner appealed from the sentence. See, also, *Bank* v. *Gary,* 14 S. C., 571. The time within which the appellants were required to serve notice of their intention to appeal, commenced to run when the order of his honor, Judge Benet, was handed to the clerk of the court to be filed, to wit: on the 5th of October, 1895.

The clerk of this court was, therefore, in error in dismissing the appeal herein. The order carrying out these views has already been filed.

MR. CHIEF JUSTICE McIVER, *dissenting*. This is a motion to reinstate the appeal, which had been dismissed by the clerk for failure to file the return within the time prescribed by law.

The facts of the case, so far as they affect this motion, as gathered from the affidavits submitted, are substantially as follows: The order, from which this appeal was sought to be taken, was granted by his honor, Judge W. C. Benet, at chambers, on the 19th of August, 1895; and on the 28th of August, 1895, written notice of the same, in which was incorporated a copy of the order, was duly served upon the attorneys for the plaintiffs. On the 9th of September, 1895, the attorney for plaintiffs addressed a letter to the attorneys for defendant, enclosing a notice' of appeal from the said order of Judge Benet, as well as certain grounds of appeal therefrom. This letter, with its enclosures, was received by the attorneys for defendant on the 10th of September, 1895, and the notice of appeal was immediately returned to the attorney for plaintiffs, as not served in time. Subsequently thereto, to wit: on the 5th of October, 1895, the order of Judge Benet was filed in the proper office, and on the 15th of October, 1895, another notice of appeal was served upon defendant's attorney, which was likewise immediately returned to the attorney for the plaintiffs, as not served in time. Within thirty days thereafter the proposed "Case," together with the exceptions previously served, as well as certain additional exceptions, were served upon defendant's attorneys, who served certain proposed amendments to the proposed "Case," but expressly reserved his "right to move to dismiss the appeal herein, because the notice of appeal was not served within the time required by law, and also upon such other grounds as he may be advised." The return was filed on the 18th of November,

1895, within twenty days, as I understand it, after the service of the "Case" with the exceptions last served.   So that the only question in the case as now presented, is whether the plaintiffs were bound to give notice of appeal within ten days after the service of the written notice of the order of Judge Benet, and to serve their exception within thirty days thereafter, and that the return should be filed within twenty days after the expiration of such thirty days.

It seems to me that the express language of the statute is conclusive of this question.   So much of subdivision (1) of sec. 345 of the Code as is pertinent to this question reads as follows: "In every appeal to the Supreme Court from an order, decree or judgment, granted or rendered at chambers, from which an appeal may be taken to the Supreme Court, the appellant, or his attorney, shall, within ten days after written notice that such order has been granted, or decree of judgment rendered, give notice to the opposite party, or his attorney, of his intention to appeal;   *   *   * and within thirty days after such notice the appellant, or his attorney, shall prepare a case with exceptions and serve them on the opposite party, or his attorney."   Under this explicit statutory provision, the appellants were bound to give notice of their intention to appeal within ten days after the 28th of August, 1895, the day on which they were served with written notice of the order granted by Judge Benet, and within thirty days thereafter to prepare and serve their proposed "Case" with exceptions; and Rule 1 of this court requires that within twenty days after the record constituting the return has been completed, and such return must be filed with the clerk of this court, and that a failure to comply with this requirement shall be deemed a waiver of the appeal; and, upon a proper showing to that effect, the respondent may obtain an order from the clerk of this court dismissing the appeal, as was done in this case. Inasmuch as the return was not filed until the 18th of November, 1895, it is clear to my mind that the clerk was not only justified but bound to grant the order dismissing the

appeal, for a simple calculation will show that the return was not filed within sixty days—the utmost limit of time allowed—after the appellants had been served with written notice that the order sought to be appealed from was granted; for, according to my view, the time commenced to run from the day on which the written notice of the granting of the order of Judge Benet was served, to wit: on the 28th of August, 1895, as expressly declared by the statutory enactment above quoted.

It is contended, however, that the time did not commence to run until the order of Judge Benet *was filed.* It seems to me that a sufficient answer to this position is that the statute does not so provide, and, on the contrary, it does expressly provide that the notice of appeal from an order granted, or a decree or judgment rendered at chambers, shall be given within ten days after written notice "that such order has been granted, or decree or judgment rendered"—*not* after such order, decree or judgment has been filed—and to hold that the time shall not commence to run until such order, decree or judgment has been filed, would involve the necessity of interpolating words into the statute which the legislature has not seen fit to insert therein; and, what is more important, would fix a different time from that designated by the legislature in plain and unmistakable terms. This, of course, the court has no right to do. If it should be said that no order can be regarded as granted, and no decree or judgment can be regarded as rendered, until such order, decree or judgment has been filed, inasmuch as the judge who granted such order, or rendered such decree or judgment, may at any time before such order, decree or judgment has been filed, modify, amend or even rescind such order, decree or judgment; the answer to this is, that the judge may do this even after the order, decree or judgment has been filed in certain cases; and this is sufficient to show that the filing of such papers does not establish their finality, and does not impart any additional validity to such papers. In the case of *Clark* v. *Melton*,

19 S. C., 498, it has been held (quoting from the syllabus, which is fully sustained by the opinion,) that "the judgment is the judicial determination of the rights of the parties, and that being had, the omission of the clerk to sign and date it, and to mark it filed, was a mere irregularity, and may be corrected at any time." The same principle was recognized in *Godfrey* v. *Fielding*, 21 S. C., 313, and applied to the betterment act. The order sought to be appealed from was a judicial determination of the rights of the parties as soon as signed by Judge Benet, and when the appellants were served with written notice of the granting of such order, which notice embraced a copy of the order, the appellants were bound, by the express provisions of the statute above quoted, to give notice of their intention to appeal therefrom, within ten days thereafter, and within thirty days after the expiration of such ten days they were bound to serve their exceptions. The papers constituting the return would then be complete, and, under the rule, must be filed in the office of the clerk of this court within twenty days thereafter; and this not having been done, the appeal was properly dismissed by the clerk. Even if a showing had been made that such default arose from some excusable neglect, this court would be powerless to relieve the appellants; for, under the facts above stated and under my construction of the law, the notice of intention to appeal was not given in time; and this is an indispensable condition precedent.

I am of the opinion, therefore, that the motion to reinstate the appeal should be refused.