EMERSON ELECTRIC COMPANY, etc., Plaintiff–Appellee,

v.

GENERAL ELECTRIC COMPANY, Defendant–Appellant.

No. 87–7523.

United States Court of Appeals, Eleventh Circuit.

June 13, 1988.

Vernon L. Wells, II, Cabaniss, Johnston, Gardner, Dumas & O'Neal, Patrick D. Seiter, Birmingham, Ala., for defendant-appellant.

Jonathan E. Lyerly, Evans & Lyerly, Birmingham, Ala., for plaintiff-appellee.

Before JOHNSON, Circuit Judge, HENDERSON *, Senior Circuit Judge, and PITTMAN **, Senior District Judge.

PER CURIAM:

In this diversity case, General Electric Company (GE) challenges (1) the ability of a district court judge to resolve factual disputes when a different district court judge presided at trial and had yet to issue findings of fact and conclusions of law and (2) the determination by the successor judge that Emerson Electric Company (Emerson) was entitled to prevail on its breach of contract claim. We reverse and remand for a new trial.

## I.

Cleveland Electric Coil (Cleveland Coil), a division of Emerson, contracted with GE to manufacture and deliver sixty-three stator coils. GE intended to use sixty of the coils as part of its overhaul of a 13,200-volt motor for Ford Motor Company. Cleveland Coil made the coils in Birmingham, Alabama. Ultimately, GE returned the coils to Cleveland Coil. Emerson sued GE to recover the contract price. GE counterclaimed for damages for breach of contract and breach of warranties, resulting from Emerson's delivery of alleged nonconforming and defective goods.

Judge J. Foy Guin of the United States District Court for the Northern District of Alabama conducted a bench trial on January 21–23, 1987 and took the case under submission. On February 4, 1987, before making any findings of fact or issuing any rulings, Judge Guin recused himself because he owned stock in GE. The case was then reassigned to Judge Seybourn H. Lynne of the United States District Court for the Northern District of Alabama.

On June 5, 1987, Judge Lynne issued a memorandum opinion and entered judgment in favor of Emerson on the basis of the trial transcript. Emerson's attorney represented that he received a telephone call from Judge Lynne's law clerk and consented to resolution of the case by reference to the trial transcript. GE's attorney represented that GE neither received a call nor gave its consent. Nothing in the record on appeal indicates that GE gave its consent.

On June 18, 1987, GE filed a motion for new trial or, in the alternative, to alter or amend the judgment. GE asserted, *inter alia*, that the judgment required that the district court resolve an issue of credibility without having had the opportunity to observe the demeanor of witnesses. Upon the district court's denial of GE's motion, GE filed this timely appeal.

## II.

Rule 63 of the Federal Rules of Civil Procedure provides (emphasis added):

> If by reason of death, sickness, or other disability, a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules *after* a verdict is returned or findings of fact and conclusions of law are filed, then any other judge regularly sitting in or assigned to the court in which the action was tried may perform those duties....

Rule 63 does not explicitly cover instances where, as here, the presiding judge in a bench trial recuses himself *before* he can file his findings of fact and conclusions of law. Courts, however, have read into Rule 63 the negative inference that if the presiding judge in a civil case has yet to issue his

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Virgil Pittman, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

findings of fact and conclusions of law, a successor judge must retry the case. *See Townsend v. Gray Line Bus Co.*, 767 F.2d 11, 17 (1st Cir.1985)[1] and cases cited therein.

Two exceptions, however, have developed. First, all parties can consent to allow the successor judge to make findings of fact and conclusions of law based on the trial transcript. *See Arrow–Hart, Inc. v. Philip Carey Co.*, 552 F.2d 711 (6th Cir. 1977). Second, the successor judge can consider the trial transcript as akin to "supporting affidavits" for summary judgment purposes and render judgment if no credibility determinations are required. *See Bromberg v. Moul*, 275 F.2d 574, 576 (2d Cir.1960).

This Court has yet expressly to address whether a successor judge can make credibility determinations. *Mesa Petroleum Co. v. Coniglio*, 787 F.2d 1484, 1488 (11th Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 876, 93 L.Ed.2d 830 (1987), is instructive:

> [The successor judge] had authority to enter judgment.... [T]he resolution of the case on summary judgment distinguishes this case from holdings ... that involved a bench trial in progress upon the death of the presiding judge. Where a successor judge considers a transcript as "supporting affidavits," an award of summary judgment is appropriate if there is no genuine issue as to any material fact. *See Bromberg v. Moul*, 275 F.2d 574, 576 (2d Cir.1960). The issues decided by [the successor judge] were legal issues based upon an undisputed factual record.

■ *Mesa Petroleum* foreshadowed what we now hold as the rule in this Cir-

cuit: When a judge has yet to make findings of fact and conclusions of law, a successor judge must retry the case unless (1) all parties consent to resolution based on the trial transcript or (2) summary judgment would be appropriate (i.e., the trial transcript is treated as "supporting affidavits" and no credibility determinations are required for decision).

■ In the present case, as set forth above, both parties did not consent to resolution of the case by reference to the trial transcript. Consequently, neither party would be entitled to relief unless that party would prevail on a motion for summary judgment. Our review of the record leads us to conclude that neither party would so prevail because resolution of this case turns on credibility determinations.[2] In particular, a critical issue is whether the coils would fit into the motor after reinsulation. According to Jerry Moss, general manager of Cleveland Electric in 1985, the coils fit in a plywood mock-up before reinsulation (and after the return from GE for reinsulation), fit in the mock-up after reinsulation, and fit in the mock-up after GE claimed that the coils did not fit in the motor. *See, e.g.*, R2:50, 77–78, 81. In contrast, Ed McGivern, shop manager at the GE Detroit Service Shop in 1985, testified that, although the coils fit in the motor before reinsulation, the reinsulated coils would not fit in the motor. *See, e.g.*, R3:127–28, 136–37.[3]

Absent consent of the parties, a successor judge cannot make credibility determinations. Here, the parties did not consent, yet the successor judge made credibility determinations. Consequently, we RE-

---

1. Emerson's reliance on *Townsend* is misplaced because the appellant in that case had notice that the district court would resolve the case on the basis of the trial transcript and did not object. GE had no such notice. *See Henry A. Knott Co. v. Chesapeake & Potomac Telephone Co.*, 772 F.2d 78, 80–81 (4th Cir.1985).

2. Although the district court first wrote that "the oral testimony of witnesses did not involve critical credibility choices," the district court concluded that "[c]ontrary to the contention of GE, the Court finds that the reinsulated coils, with

respect to geometry and dimensions, conformed to the requirements of the contract as modified." *Emerson Electric Co. v. General Electric Co.*, CV85–L–3168–S, slip op. at 1, 4 (N.D.Ala. June 5, 1987).

3. We note that the parties dispute whether McGivern refused Moss' request to travel to Detroit and see the fit problem or Moss told McGivern to ship the reinsulated coils back. *Compare* R2:79 *with* R3:141.

VERSE and REMAND for a new trial.[4]

---

4. Emerson suggests that this Court remand the case to Judge Guin for decision. Such a suggestion overlooks that the parties cannot waive a ground for a judge's recusal when that ground is a judge's financial interest in a party to the proceeding. *See* 28 U.S.C.A. § 455(b)(4), (e). As relevant here, Judge Guin owns stock in GE.