Genoveva **CANSECO, as widow and personal representative of the Estate of Fortino Canseco, Plaintiff–Appellant,**

and

**Legion Insurance Co., Claimant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 95–16037.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 14, 1996.

Decided Oct. 7, 1996.

As Amended Dec. 18, 1996.

---

4. We also note that the Caucus leaders do not assert any political justification for demoting Chateaubriand.

**1225**

Thomas J. Boyle, San Francisco, California, for plaintiff-appellant.

Warren A. Schneider, Assistant United States Attorney, San Francisco, California, for defendant-appellee.

Before: BOOCHEVER, NOONAN and THOMPSON, Circuit Judges.

## ORDER

Genoveva Canseco brought a wrongful death action against the United States. The case was tried to the court sitting without a jury, between October 19 and October 27, 1992. After the trial concluded, the parties submitted post-trial briefs. Twenty-two months later, the district court judge who presided at the trial filed findings of fact and entered judgment for the United States. The court's findings were, with few changes, the findings proposed by the government. The district court judge then retired.

Canseco filed a motion for a new trial. She contended the trial judge clearly erred in her factual findings, and committed legal error in interpreting and applying the law. A successor district judge heard and denied the new trial motion. Canseco appeals. We have jurisdiction under 28 U.S.C. § 1291.

We vacate the order denying Canseco's motion for a new trial because in denying the new trial motion the successor district judge refused to certify familiarity with the record as required by Federal Rule of Civil Procedure 63. This rule provides:

> If a trial or hearing has been commenced and the judge is unable to proceed, any other judge may proceed with it upon certifying familiarity with the record and determining that the proceedings in the case may be completed without prejudice to the parties. In a hearing or trial without a jury, the successor judge shall at the request of a party recall any witness whose testimony is material and disputed and

who is available to testify again without undue burden. The successor judge may also recall any other witness.

Fed.R.Civ.P. 63 (1991).

■ The successor judge refused to certify familiarity with the record under Rule 63, because in her view Rule 63 did not apply to this case. She read Rule 63 as applying only to cases in which the trial judge was unable to proceed during the trial, and here the trial judge had proceeded throughout the trial and had made written findings and entered her judgment.

We reject this reasoning. Rule 63, as amended in 1991, is not limited to cases in which a judge's inability to proceed manifests itself during a trial or hearing. All that is required is that the trial or hearing shall have commenced and thereafter at any stage of the proceedings the judge is unable to proceed. This is clear from the history of the Rule and its interpretation by courts and commentators.

Before the 1991 amendment, Rule 63 "made no provision for the withdrawal of the judge during the trial, but was limited to disqualification after trial." Advisory Committee Notes to 1991 Amendment to Fed. R.Civ.P. 63. Indeed, the pre–1991 version of the rule authorized a successor judge to take over a case only upon the "death, sickness or other disability" of a judge, and by its language seemed to permit a successor judge to take over a case only when a verdict had been returned or findings of fact and conclusions of law had been filed.[1]

Consistent with the pre–1991 version of Rule 63, several courts had construed Rule 63 to allow the substitution of a judge *only* after trial was complete. *See, e.g., Whalen v. Ford Motor Credit Co.*, 684 F.2d 272 (4th Cir.1982) (en banc) *cert. denied,* 459 U.S. 910, 103 S.Ct. 216, 74 L.Ed.2d 172 (1982); *Arrow–Hart, Inc. v. Philip Carey Co.*, 552 F.2d 711 (6th Cir.1977). The 1991 amendment expanded Rule 63 to allow a successor judge to complete an incomplete trial. It did not limit a successor judge's Rule 63 authority to such a circumstance.

Rule 63 always permitted a successor judge to decide post-trial motions in a case in which findings of fact and conclusions of law had been filed. *See, e.g., David E. Lever v. United States of America,* 443 F.2d 350, 351 (2nd Cir.1971); *Rose Hall Ltd. v. Chase Manhattan Overseas Banking,* 576 F.Supp. 107, 125 (D.Del.1983), *aff'd without opinion* 740 F.2d 956 (3rd Cir.1984), *cert. denied* 469 U.S. 1159, 105 S.Ct. 909, 83 L.Ed.2d 923 (1985) (applying Rule 63 to allow a successor judge who did not preside at trial to decide a motion for judgment notwithstanding the verdict, so long as the successor judge is not required to evaluate the credibility of witnesses); *Lashbrook v. Kennedy Motor Lines, Inc.,* 119 F.Supp. 716 (W.D.Pa.1954). *See also* Advisory Committee Notes to 1991 Amendment to Fed.R.Civ.P. 63; 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §§ 2921–22 (1995). The 1991 amendment did not change this.

The 1991 amendment added the requirement, however, that before deciding an issue related to the case, a successor judge must "certify[ ] familiarity with the record and determin[e] that the proceedings in the case may be completed without prejudice to the parties." Fed.R.Civ.P. 63. This requirement was added "to avoid the injustice that may result if the substitute judge proceeds despite unfamiliarity with the action." Advisory Committee Notes to 1991 Amendment to Fed.R.Civ.P. 63. The plain language of the amended rule indicates that the certification of familiarity requirement applies to all cases in which a successor judge replaces another judge unable to proceed with a trial or hearing that has commenced.

---

1. The pre–1991 version of Rule 63 provided:

If by reason of death, sickness, or other disability, a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules *after a verdict is returned or findings of fact and conclusions of law are filed,* then any other judge regularly sitting in or assigned to the court in which the action was tried may perform those duties; but if such other judge is satisfied that such other judge cannot perform those duties because such other judge did not preside at the trial or for any other reason, such other judge may in such other judge's discretion grant a new trial.

Fed.R.Civ.P. 63 (1990) (emphasis added).

We conclude the successor district judge in this case must comply with Rule 63. Before ruling on Canseco's motion for a new trial, the successor judge must certify her familiarity with the record. To certify her familiarity with the record, the successor district judge will have to read and consider all relevant portions of the record. If, by reviewing the record, the judge determines there is sufficient evidence to support the findings actually made, or to support other necessary findings, and such evidence does not depend upon the testimony of a witness whose credibility is in question, she may conclude that the findings are supported by the evidence, or make the necessary findings, and deny the motion for a new trial, insofar as the motion challenges the sufficiency of the evidence.[2] In the event the sufficiency of the evidence depends upon the credibility of a witness whose credibility is in question, and that credibility cannot be determined from the record, the successor judge will have to recall the witness, if the witness is available without undue burden, and make her own credibility determination. Fed.R.Civ.P. 63. And, in her discretion, the successor judge may grant or deny the new trial motion. *See Rose Hall,* 576 F.Supp. at 125; *Golf City, Inc. v. Wilson Sporting Goods Co., Inc.,* 555 F.2d 426, 438 n. 20 (5th Cir.1977); *see also* Advisory Committee Notes to the 1991 Amendment to Rule 63.

Because the district court failed to comply with Rule 63, we vacate its order denying Canseco's new trial motion. We do not reach the merits of Canseco's appeal. Instead, we remand this case to the district court for further proceedings consistent with this order. In view of the extended delay encountered in this case, through no fault of Judge Patel, we request that further proceedings be expedited.

New trial order VACATED. Case REMANDED.

---

**2.** To certify familiarity with the record as a prerequisite to ruling on a new trial motion which challenges the district court's interpretation and application of the law, the successor judge's review of the record would likely be less extensive.