556 S.E.2d 701

**James C. CHRISTY, Appellant/Respondent,**

v.

**Vida L. CHRISTY, Respondent/Appellant.**

**No. 3403.**

Court of Appeals of South Carolina.

Heard Oct. 4, 2001.

Decided Nov. 5, 2001.

Rehearing Denied Dec. 20, 2001.

Thomas R. Goldstein, of Belk, Cobb, Infinger & Goldstein, of Charleston, for appellant/respondent.

Robert N. Rosen, of Rosen, Rosen & Hagood, of Charleston, for respondent/appellant.

CURETON, J.

This domestic cross-appeal concerns the ability of a successor judge to sign a final order when a different judge presided at trial but became disabled before filing findings of fact and conclusions of law. *See* Rule 63, SCRCP. We vacate the orders on appeal and remand the action to the family court.

### *Procedural Background*

James Christy (the husband) and Vida Christy (the wife) were divorced by order of the family court dated August 2, 1989. Pursuant to the divorce decree, the wife was awarded $2,500 per month in alimony. On appeal, the alimony was reduced by this court to $1,750 per month terminable on the death or remarriage of the wife. Later, these parties again appeared before this court to litigate the effective date for the reduction of the alimony.

The husband filed this third action in June of 1997 requesting termination or reduction of alimony based on the wife's alleged "long-term, monogamous relationship with a paramour, which is tantamount to a common law marriage" and

changes in his own financial circumstances. The wife answered and counterclaimed seeking an increase in alimony.

The Honorable Tommy B. Edwards bifurcated the issues. The issue of termination of alimony based on the wife's alleged common law marriage was tried first on September 16, 17, 25, 26, and November 4 of 1996 by the Honorable John T. Black. At the conclusion of the trial, Judge Black made no oral factual or legal findings on the record. However, according to Mr. Rosen, the wife's attorney, Judge Black stated in a side bar conference that he was not going to terminate the wife's alimony.

On July 3, 1997, Mr. Rosen sent Judge Black a proposed order containing findings of fact and conclusions of law. A copy of the proposed order was sent to the husband's counsel, Mr. Goldstein. Mr. Goldstein objected in writing to certain portions of the proposed order in a letter dated July 15, 1997. Mr. Rosen's legal assistant made Mr. Goldstein's requested changes pursuant to Judge Black's telephonic instructions to the assistant. On August 26, 1997, the assistant sent the revised order to Judge Black and Mr. Goldstein. Months thereafter, Judge Black suffered a stroke without having signed any order.

The husband filed a notice of appeal from the unsigned order. This court dismissed the action because there was no signed order. The husband filed a petition for a writ of mandamus in the supreme court requesting the court take the action in its original jurisdiction. The supreme court denied the petition.

The Honorable F.P. Segars–Andrews succeeded Judge Black as the presiding judge in this action. The husband filed a motion for a new trial pursuant to Rule 63, SCRCP. On January 14, 1998, Judge Segars–Andrews denied the motion finding Judge Black made:

findings of fact and conclusions of law in this case. Therefore, Rule 63 applies. While Judge Black's findings of fact and conclusions of law were not "filed," as Rule 63 literally requires, no case presented to the Court by either party interpreting Rule 63 requires such a filing or even defines what constitutes filing in this context.

Judge Segars–Andrews also found the husband should be equitably estopped from obtaining a new trial due to his request to the clerk of court for a trial date for the second portion of the bifurcated trial. Judge Segars–Andrews further concluded "a review of the transcript is not necessary in this matter and ... the order may be signed by the successor judge without any further proceedings." Also on January 14, 1998, Judge Segars–Andrews signed the wife's original proposed order, without the husband's requested changes, refusing to terminate alimony.[1] On June 15, 1998, the wife filed a motion, pursuant to Rule 60(a), SCRCP, to correct clerical errors on the ground the wrong final order was submitted to Judge Segars–Andrews. The husband objected on the ground the motion was filed in an attempt "to make the final order less assailable on appeal." Judge Segars–Andrews denied the motion.

The second portion of the case was heard by the Honorable Alvin C. Biggs on January 14, 15, and February 10, 1998. On April 6, 1998, Judge Biggs dismissed the husband's request for termination or modification of alimony based on a financial change of circumstances. Judge Biggs also dismissed the wife's counterclaim for an increase in alimony and awarded the wife costs. In a separate order dated June 30, 1998, Judge Biggs awarded the wife attorney fees and costs totaling $100,761.44.

Both parties appealed. The husband filed a motion in this court to remand to reconstruct the record or, in the alternative, for a new trial. As to the motion to remand, the husband argued that because the court reporter's tapes for one of the dates of trial were lost, the action should be remanded for reconstruction of the record or to take new testimony. As to the motion for a new trial, the husband cited Rule 63 and argued "the conduct of the case has been plagued with severe irregularities" entitling him to a new trial.[2] By order dated

1. The order also included the issues surrounding Judge Black's disability.

2. The husband argues on appeal that either the original proposed order was unsolicited or it was the result of ex parte communications between Judge Black and Mr. Rosen.

November 30, 1998, this court remanded for the sole purpose of supplying the missing testimony. Both parties appeal.

## Law/Analysis

The husband argues Judge Segars–Andrews erred in failing to order a new trial and in signing the proposed order under Rule 63, SCRCP. Rule 63 provides:

> If by reason of death, sickness, or other disability, a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules after a verdict is returned or findings of fact and conclusions of law are filed, then the resident judge of the circuit or any other judge having jurisdiction in the court in which the action was tried may perform those duties; but if such other judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial.

This rule is identical to the pre–1991 federal Rule 63 except it makes allowances for our circuit court system.[3] It supplements South Carolina Code Section 14–5–370, which permits the judge of an adjoining circuit to act if there is a circuit without a resident judge, and no other special or regular judge is presiding therein, and applies to South Carolina family courts. S.C.Code Ann. § 14–5–370 (1977); Rule 2, SCRFC; Rule 81, SCRCP.

There are no reported South Carolina cases applying Rule 63, SCRCP, under facts similar to those presented in this case.

---

3. Federal Rule 63 was amended in 1991. The revised federal Rule 63, unlike the prior rule, is not limited to cases in which a judge's disability manifests itself after completion of the trial or hearing. All that is required is that the trial or hearing shall have commenced. Case law interpreted the pre–1991 Rule 63 to limit a successor judge to preside only after the trial was completed. The amendment expanded Rule 63 to allow a successor judge to complete an incomplete trial. *See Canseco v. United States*, 97 F.3d 1224, 1225–26 (9th Cir.1996) (discussing the 1991 amendment). The revised rule also permits a successor judge to proceed with a trial "upon certifying familiarity with the record and determining that the proceedings in the case may be completed without prejudice to the parties." Rule 63, Fed.R.Civ.P. In a hearing without a jury, the revised rule provides that the successor judge shall, at the request of a party, recall any witness whose testimony is material and disputed.... The successor judge may also recall any other witness. *Id.*

*Cf. Charleston County Dep't of Soc. Servs. v. Father,* 317 S.C. 283, 288, 454 S.E.2d 307, 310 (1995) (discussing the authority of a successor judge to rule on a motion for reconsideration where the previous trial judge signed and filed an order). Accordingly, we look to other jurisdictions and the federal courts for interpretation of the pre 1991 federal rule. *See Gardner v. Newsome Chevrolet–Buick,* 304 S.C. 328, 330, 404 S.E.2d 200, 201 (1991) ("Since our Rules of Procedure are based on the Federal Rules, where there is no South Carolina law, we look to the construction placed on the Federal Rules of Civil Procedure.").

Rule 63 does not explicitly address instances where, as here, the presiding judge becomes disabled before he files his findings of fact and conclusions of law. *See* H. Lightsey, Jr. & J. Flanagan, *South Carolina Civil Procedure* 499 (2d ed. 1996) ("The disability of a judge prior to [accepting a verdict or filing findings of fact and conclusions of law] is not governed by the rule . . . ."). Federal courts, however, have read into the pre–1991 Rule 63 the negative inference that if the presiding judge in a civil case dies or becomes disabled before the rendering of a verdict or before the judge issues his findings of fact and conclusions of law, a successor judge must retry the case. *See Townsend v. Gray Line Bus Co.,* 767 F.2d 11, 17–18 (1st Cir.1985); *Arrow–Hart, Inc. v. Philip Carey Co.,* 552 F.2d 711, 713 (6th Cir.1977); *Emerson Elec. Co. v. Gen. Elec. Co.,* 846 F.2d 1324, 1325–26 (11th Cir.1988). "The federal cases which have been found construing federal Rule 63 . . . are unanimous in their holding that a trial de novo is required where the trial judge dies [or becomes disabled] before signing findings and conclusions or a jury verdict [is] returned." *Estate of Ed Cassity,* 656 P.2d 1023, 1024 (Utah 1982).

In *Girard Trust Bank v. Easton,* the North Carolina Court of Appeals interpreted North Carolina's Rule 63.[4] *Girard,* 12 N.C.App. 153, 182 S.E.2d 645, 646 (1971). The trial judge in *Girard* issued an oral ruling in favor of the plaintiff at the conclusion of the bench trial and directed the plaintiff's counsel to submit a proposed order containing appropriate findings

---

4. The rule considered by the North Carolina Court of Appeals is identical to South Carolina's rule.

of fact and conclusions of law. The judge then died without having signed the proposed order. The court concluded the oral ruling and directive did not constitute sufficient findings of fact to proceed under Rule 63. *Id.* at 645–46.

Even if we construe Judge Black's directive to draft a proposed order as his findings of fact and conclusions of law, these findings and conclusions were neither signed nor filed before the onset of his disability, as required by Rule 63. Judge Black remained free to adopt or reject any or all of the findings of fact and conclusions of law contained in the proposed order. *See Bowman v. Richland Mem'l Hosp.,* 335 S.C. 88, 91, 515 S.E.2d 259, 260 (1999) ("An order is not final until it is written and entered by the clerk of court. Until an order is written and entered by the clerk of court, the judge retains discretion to change his mind and amend his ruling accordingly.") (citations omitted). Thus, Judge Black did not, prior to his disability, make findings of fact and conclusions of law sufficient to allow Judge Segars–Andrews to conclude the case by simply signing a proposed order that he had instructed be modified.

Judge Segars–Andrews relied in part on *Rex Oil, Ltd. v. M/V Jacinth,* 873 F.2d 82 (5th Cir.1989) and *The Del–Mar–Va,* 56 F.Supp. 743 (D.Va.1944). The successor judges in these cases did not strictly comply with the requirement in Rule 63 that findings of fact and conclusions of law be filed by the presiding judges prior to their disabilities. We find these cases distinguishable from the case at hand.

In *Rex Oil,* the case was tried before a judge of the United States District Court for the Southern District of Texas over two days in April, 1987. *Rex Oil,* 873 F.2d at 83. The judge "gave a fairly extensive oral exposition of his perceptions about the case[,] . . . stated his intention to enter final judgment in favor of Rex/Empire[, and] . . . related his basic reasoning for entering such a judgment." *Id.* at 85. The judge also indicated he intended to file extensive findings and conclusions. Eight months later, before a final judgment was entered, the judge passed away. A successor judge entered judgment pursuant to Rule 63. *Id.*

In affirming the successor judge's conclusion that a new trial was not required under Rule 63, the Fifth Circuit Court

of Appeals agreed that a successor judge acquires discretionary authority to grant or deny a new trial only after a final verdict is returned or findings of fact or conclusions of law are filed. The court concluded, however, that the judge's oral pronouncements, on the record, constituted sufficient findings of fact and conclusions of law. *Id.* at 87–88.

In *The Del–Mar–Va,* Judge Way held a three-day trial in July of 1943. At the conclusion of the evidence and oral arguments, Judge Way, on the record, orally decided the fault of the parties. He then requested the parties [5] brief the issue of a defense raised by one of the parties. Briefs were filed and on September 14, 1943, Judge Way, supplementing his oral decision, filed an "informal memorandum" determining the ultimate fault of the parties and holding each liable for half of the damages. On September 16, 1943, counsel for The Del Mar Va submitted proposed findings of fact and conclusions of law in accordance with Judge Way's oral rulings. At the request of the United States, Judge Way decided to allow another witness to testify and the parties to reargue the issues. *The Del–Mar–Va,* 56 F.Supp. at 744–47.

Counsel for The Del–Mar–Va died prior to the new hearing. Judge Way restated his decision to permit new testimony. The Del–Mar–Va submitted a memorandum opposing entry of the proposed order. Judge Way died soon thereafter without considering the memo or signing the proposed order. *Id.* at 747.

The successor judge first concluded the United States was not entitled, on the merits, to reopen the case to add the omitted witness's testimony, and that in any event, the testimony would merely be cumulative evidence. Thus, he denied the motion to reopen the case. *Id.* at 749–51. He then concluded Judge Way's informal memorandum "embodied specific findings on all the material facts in the cases, and set out adequate conclusions on all the important questions of law involved therein." *Id.* at 748. The successor judge then designated Judge Way's informal findings of fact and conclusions of law as his own. *Id.* at 751.

---

5. The Del–Mar–Va and the United States.

In both *Rex Oil* and *The Del–Mar–Va,* although not filed, extensive findings of fact and conclusions of law were made on the record. In this action, although Judge Black allegedly indicated in a side-bar conference that he would not terminate the wife's alimony, he made no findings of fact to support the decision. Thus, we find reliance on *Rex Oil* and *The Del–Mar–Va* is misplaced.

■■■■ Two exceptions have developed to the general operation of Rule 63. First, if all parties consent, a successor judge may make findings of fact and conclusions of law based on the trial transcript. Second, the successor judge may consider the trial transcript as akin to "supporting affidavits" for summary judgment purposes and render judgment if no credibility determinations are required. *Emerson Elec. Co. v. Gen. Elec. Co.,* 846 F.2d 1324, 1326 (11th Cir.1988). Absent consent of the parties, a successor judge cannot make credibility determinations. *Id.; see also Whalen v. Ford Motor Credit Co.,* 684 F.2d 272, 274 (4th Cir.1982) (finding Rule 63 communicates a positive prohibition on substitution of a judge prior to verdict where all parties have not stipulated their consent).

This case does not fall within one of these exceptions. The parties did not consent to allow Judge Segars–Andrews to make findings of fact and conclusions of law based on the trial transcript. In fact, Judge Segars–Andrews specifically declined to review the transcript and make her own findings of fact and conclusions of law. Both exceptions require the successor judge to review the transcript. As this was not done, neither exception applies.

Accordingly, we are constrained to hold that Judge Segars–Andrews, in applying Rule 63, erred in concluding it was not necessary for her to review the transcript of the record before entering a final order. The order, in conflict with the law interpreting Rule 63, necessarily relies on credibility determinations which are prohibited by a successor judge unless the parties stipulate to the record and consent to have the successor judge make determinations based on a review of the transcript. Therefore, we vacate Judge Segars–Andrews' order and remand to the family court.

Further, in light of our disposition as to Judge Segars–Andrews' order, we also vacate Judge Biggs' order addressing

the second portion of the bifurcated trial. To the extent Judge Biggs relied on the findings contained in Judge Segars–Andrews' order in reaching his decision, the issue of whether the alimony award should be adjusted based on changed circumstances must be revisited. Further, Judge Biggs' order determines the award of attorney fees to the wife from both portions of the trial.

Accordingly, the orders of the family court are vacated and the case remanded to the family court.[6] We note, however, the parties may avoid a new trial by consenting on remand to a final order by the family court after review of the trial transcript.

**VACATED AND REMANDED.**

GOOLSBY and HUFF, JJ., concur.

---

6. In light of our disposition discussed herein, we need not address the parties' remaining issues on appeal.