580 S.E.2d 444

**James C. CHRISTY, Respondent,**

v.

**Vida L. CHRISTY, Petitioner.**

No. 25643.

Supreme Court of South Carolina.

Heard April 2, 2003.

Decided April 28, 2003.

Rehearing Denied May 29, 2003.

Robert N. Rosen and Donald B. Clark, of Rosen, Rosen & Hagood, LLC, of Charleston, for Petitioner.

Thomas R. Goldstein, of Belk, Cobb, Infinger & Goldstein, PA, of Charleston, for Respondent.

Justice PLEICONES.

We granted certiorari to review the decision of the Court of Appeals interpreting Rule 63, SCRCP, in a case in which the trial judge in a nonjury case became disabled before the filing of an order containing his findings of fact and conclusions of law. *Christy v. Christy*, 347 S.C. 503, 556 S.E.2d 701 (Ct.App. 2001). The Court of Appeals held that under the circumstances of this case, a new trial was required. We agree, but base our decision on our long established rule that a judge may change or alter his order in any way prior to its delivery to the clerk of court for filing. Since no order was filed prior to the trial judge's incapacity, a new trial is required.

## FACTS

Respondent brought this action to terminate his alimony obligation to petitioner alleging that petitioner had, in effect, entered into a common law marriage. Alternatively, respondent sought an alimony reduction based upon his changed financial circumstances. Petitioner counterclaimed for an increase in alimony.

The common law marriage issue and the claims for modification of alimony were bifurcated. Family Court Judge Black heard the common law marriage evidence, but became inca-

pacitated before signing an order.[1] Judge Segars Andrews, who had succeeded Judge Black, denied respondent's motion for a new trial filed pursuant to Rule 63, SCRCP. Judge Segars–Andrews later signed an order, based in part on a draft order submitted to Judge Black, finding there was no common law marriage. Judge Biggs subsequently heard the alimony modification claims, and issued an order finding in petitioner's favor. In a later order, Judge Biggs awarded petitioner attorney's fees and costs for the entire litigation.

Respondent appealed[2] all these family court orders. The Court of Appeals held that Judge Segars–Andrews erred in denying respondent's request for a new trial following Judge Black's incapacity, vacated her order, and remanded the common law marriage issue for a new determination.[3] Further, the Court of Appeals vacated Judge Biggs' orders since they relied, at least in part, on the resolution of the common law marriage claim. *Christy v. Christy, supra.* We granted certiorari, and now affirm as modified.

## ISSUE

Whether a new trial is required when the trial judge who heard a nonjury matter dies or becomes incapacitated before the filing of a signed order containing findings of fact and conclusions of law?

## ANALYSIS

 Rule 63, SCRCP,[4] by its terms governs those situations where the trial judge becomes incapacitated or dies after

1. The Court of Appeals' opinion contains a detailed recitation of the events following the evidentiary hearing and preceding Judge Black's incapacity.

2. Petitioner cross-appealed, but the Court of Appeals did not reach the merits of her claims in light of its decision to vacate the appealed orders and remand the case.

3. The Court of Appeals held that, if the parties consented, this claim could be determined based upon the existing records from the proceedings before Judge Black.

4. Rule 63. Disability of a Judge
 If by reason of death, sickness, or other disability, a judge before whom an action has been tried is unable to perform the duties to be

the filing of his findings of fact and conclusions of law, but prior to the completion of post-trial acts authorized by the SCRCP. As the Court of Appeals found, other jurisdictions having our version of Rule 63 have derived a 'negative inference' from the language of the rule, and concluded that a new trial is mandated where, as here, the incapacity or death precedes the filing of an order. While we find no error in the Court of Appeals' analysis of the rule, nor in its suggestion that two exceptions adopted by other jurisdictions would be applicable under the appropriate circumstances,[5] we hold that this case is governed not by any negative inference derived from Rule 63, but rather by another principle of state law.

■ "Until the paper has been delivered by the judge to the clerk of court, to be filed by him as an order in the case, it is subject to the control of the judge, and may be withdrawn at any time before such delivery." *Archer v. Long*, 46 S.C. 292, 24 S.E. 83 (1896); *see also e.g., Bowman v. Richland Mem. Hosp.*, 335 S.C. 88, 515 S.E.2d 259 (Ct.App.1999)(citing *Archer v. Long*); *compare* Rule 58(a), SCRCP ("A judgment is effective only when . . . entered on the record"); *see also Ford v. State Ethics Comm'n*, 344 S.C. 642, 545 S.E.2d 821 (2001)("Until written and entered, the trial judge retains discretion to change his mind and amend his oral ruling").

No written order having been filed with the clerk of court by Judge Black prior to his incapacity, a new trial is required. Further, Judge Biggs' orders cannot stand in light of our decision that a new trial is required on the common law marriage claim.

---

performed by the court under these rules after a verdict is returned or findings of fact and conclusions of law are filed, then the resident judge of the circuit or any other judge having jurisdiction in the court in which the action was tried may perform those duties; but if such other judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial.

5. These two exceptions to the requirement that a new trial be had when the trial judge is unable to file an order after hearing the entire case are:

(1) If all parties consent, the successor judge may make findings of fact and conclusions of law based on the trial transcript; or

(2) The successor judge may consider the transcript as 'supporting affidavits' and entertain a summary judgment motion.

We agree with the Court of Appeals that the appealed orders in this matter must be vacated, and the entire matter remanded for further proceedings. The Chief Judge for Administrative Purposes of the Family Court for Charleston County shall ensure that this case is scheduled, heard, and decided in an expeditious matter.

We also agree with the Court of Appeals' suggestion that the parties may consent to have all or some of the issues determined by the family court judge upon the existing record. In light of the protracted nature of this litigation, we encourage the parties to expedite the disposition of these stale claims through consent or stipulations. Further, we order that should any appeal be taken from orders issued on remand in these proceedings, such appeal shall be made directly to this Court. The decision of the Court of Appeals is

**AFFIRMED AS MODIFIED.**

TOAL, C.J., MOORE, WALLER and BURNETT, JJ., concur.