THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Shirley Hammer, Appellant,
 v.
 Howard Hammer, Respondent.
 
 
 

Appeal From Richland County
 Rolly  W.  Jacobs, Family Court Judge
Stephen S. Bartlett, Family Court Judge
Memorandum Opinion No. 2008-MO-012
Heard January 8, 2008  Filed March 10,
 2008   
AFFIRMED IN PART; REVERSED IN PART

 
 
 
 A.
 Mattison Bogan, Timothy E. Madden, and Reid T. Sherard, all of Nelson, Mullins,
 Riley & Scarborough, of Columbia, for Appellant.
 James
 T. McLaren, and C. Dixon Lee, III, of McLaren & Lee, of Columbia, for
 Respondent.
 
 
 

JUSTICE
 WALLER:  These are consolidated appeals from family court orders which a) disqualified
 attorney J. Mark Taylor from representing Appellant, Shirley Hammer, in the
 underlying action for separate maintenance and support; and b) denied
 Appellants motions for a de novo trial or in the alternative to
 reconsider or amend the order disqualifying her attorney.  We affirm in part
 and reverse in part.   
FACTS
Appellant,
 Shirley Hammer (Wife), and Respondent, Howard Hammer (Husband), were married in
 September 1998, and have two small children.   Wife filed an action for
 separate maintenance and support in September 2005.  Wife was represented by attorney
 J. Mark Taylor.  
Upon learning of Taylors representation of Wife on September 2,
 2005, Husband immediately objected to Taylors representation on the ground
 that Taylors law partner, Jake Moore, had previously represented Husband in a
 collections matter against a former girlfriend.  The collections matter ended
 in 1995, three years before the parties married.  Taylor concluded there was no
 impermissible conflict.  Husband took no further action to have Wifes attorney
 relieved.  
A Temporary Consent Order was entered on September 14, 2005,
 stipulating to custody, visitation, and financial matters.  Approximately 15
 months  later, on December 8, 2006, Wife filed a Complaint and Rule to Show
 Cause seeking to have Husband held in contempt for failing to comply with the
 Temporary Consent Order.  Husband responded and moved to have attorney J. Mark
 Taylor disqualified from representing Wife due to his partnership with Jake
 Moore.  Husband contended Taylor had imputed knowledge of his emotional
 makeup and that the prior matter involved interpersonal relationships and
 other matters of a private, confidential and personal nature among other
 things.  
A
 hearing was held before Judge Rolly Jacobs on April 11, 2007.  At the
 conclusion of the hearing, Judge Jacobs orally ruled that Taylor was
 disqualified from representing Wife due to his partnership in the firm which
 previously represented Husband in the collection action against the former
 girlfriend.  Judge Jacobs instructed Husbands attorney, James McLaren, to
 prepare an order, which he did.  After being reviewed by both sides, a proposed
 order was mailed to Judge Jacobs on Friday, May 4, 2007.  Judge Jacobs signed
 the order on Tuesday, May 8, 2007; he then forwarded the order to McLaren for
 filing.  The order arrived at McLarens office on Friday, May 11, 2007, a day
 when McLaren was in Court in Greenville.   Judge Jacobs died unexpectedly on
 Sunday, May 13, 2007.  McLaren filed the order with the Richland County Clerk
 of Court on Tuesday, May 15, 2007.
On May
 18, 2007, Wife filed a Motion for a De Novo Hearing and/or
 Reconsideration, Alteration, or Amendment alleging Judge Jacobs order was void
 because it had not been filed at the time of his death.  Judge Stephen Bartlett
 held a hearing on May 31, 2007.  Judge Bartlett held that, pursuant to Rule 63,
 SCRCP, Judge Jacobs order had been issued at the time of his death, such that
 his order was a valid order and therefore he, Judge Bartlett, was without
 authority or jurisdiction to alter or amend Judge Jacobs order.  Judge
 Bartlett declined to consider the affidavits of Wife filed subsequent to the
 hearing before Judge Jacobs, and declined to address the merits of Wifes
 contention that her attorney had been improperly disqualified.  Wife appeals
 both orders.[1] 
ISSUES
1.  Did
 Judge Bartlett err in holding Judge Jacobs order was valid and enforceable,
 notwithstanding it was not filed until after Judge Jacobs death?
2. Did
 Judge Jacobs err in ruling Taylor was prohibited from representing Wife?
 
1.  JUDGE
 BARTLETTS ORDER
Wife contends
 Judge Jacobs order is void and that she is entitled to a new trial pursuant to
 this Courts opinion in Christy v. Christy, 354 S.C. 203, 580 S.E.2d 444
 (2004), and Rule 63, SCRCP.  We disagree.  
Christy involved the interpretation of Rule 63, SCRCP, prior to its 2004 amendment.  In Christy, a family court judge (Judge Black) heard claims relating to a
 common law marriage but became incapacitated prior to signing an order.  A
 second family court judge (Judge Segars-Andrews) succeeded Judge Black, and
 denied the respondents motion for a new trial pursuant to Rule 63, SCRCP.  Judge
 Segars-Andrews later signed an order, based in part on a draft order submitted
 to Judge Black.  The order found no common law marriage.  The Court of Appeals
 vacated Judge Segars-Andrews order, finding she erred in denying respondents
 request for a new trial following Judge Blacks incapacity; the Court of
 Appeals remanded the common law marriage issue for a new determination.  Christy
 v. Christy, 347 S.C. 503, 556 S.E.2d 701 (Ct. App. 2001).  This Court affirmed
 as modified.  Christy, 354 S.C. 203, 580 S.E.2d 444.  Although we found no
 error in the Court of Appeals analysis of Rule 63, SCRCP, we found the case was
 governed by another principle of state law, to wit, the principle that [u]ntil
 the paper has been delivered by the judge to the clerk of court, to be filed by
 him as an order in the case, it is subject to the control of the judge, and may
 be withdrawn at any time before such delivery.  Christy, 354 S.C. at
 206, 580 S.E.2d at 446.  No written order having been filed with the clerk of
 court prior to Judge Blacks incapacity, this Court held a new trial was
 required.  
Relying
 on Christy, Wife contends Judge Bartlett erred in denying her motion for
 a new trial.  We disagree.  At the time Christy was decided, Rule 63, SCRCP,
 provided:

 If by reason of death, sickness, or other disability, a judge
 before whom an action has been tried is unable to perform the duties to be
 performed by the court under these rules after a verdict is returned or
 findings of fact and conclusions of law are filed, then the resident judge
 of the circuit or any other judge having jurisdiction in the court in which the
 action was tried may perform those duties; but if such other judge is satisfied
 that he cannot perform those duties because he did not preside at the trial or
 for any other reason, he may in his discretion grant a new trial.

(emphasis
 supplied).  However, the year following our opinion in Christy, Rule 63
 was amended to conform to the requirements of Rule 63, FRCP.   It now reads:

 If at any time after a trial or hearing has been commenced, but 
 before
 the final order or judgment has been issued, the judge is unable to
 proceed, a successor judge shall be assigned. The successor judge may proceed
 upon certifying familiarity with the record and determining that the
 proceedings may be completed without prejudice to the parties. In a hearing or
 a trial without a jury, the successor judge shall, at the request of a party,
 recall any witness whose testimony is material and disputed and who is
 available to testify without undue burden. A successor judge may also provide
 for the recall of any witnesses.

(emphasis
 supplied).  
Judge
 Bartlett found the purpose of Rule 63 was to ensure that a proceeding which had
 started had been completed.  He further found that the 2004 amendments made two
 changes: 1) changing the language from filed to issued, and 2) removing the
 authority of the successor to grant a new trial.  He found under the unique
 facts of this case, that Judge Jacobs had completed the proceedings before him
 such that there was no need for a successor judge.  We agree.  
The
 purpose of Rule 63 is to ensure that a proceeding has been completed.  Here, it
 is clear both from Judge Jacobs bench rulings, and the signed order that the
 hearing was complete.  Wifes reliance upon Christy overlooks the
 amendment to Rule 63, and the deliberate inclusion of the language concerning
 when a final judgment or order has been issued.  Given the specific language
 of the rule, it is not for this Court to attach a new meaning.  See Farnswoth
 v. Davis Heating and Air Cond., 367 S.E.2d 634, 627 S.E.2d 724 (2006); Maxwell
 v. Genez, 356 S.C. 617, 620, 591 S.E.2d 26, 27 (2003) (in interpreting the
 meaning of Rules of Civil Procedure, this Court applies the same rules of
 construction used to interpret statutes); State v. Muldrow, 348 S.C.
 264, 268, 559 S.E.2d 847, 849 (2002) (words of a statute must be given their
 plain and ordinary meaning without resort to subtle or forced construction to
 limit or expand the statutes operation).  
Under the very limited facts of this case, we find Judge Jacobs order
 was issued after it was signed and sent to Counsel for filing.  
2. 
 DISQUALIFICATION OF ATTORNEY TAYLOR
Wife
 asserts Judge Jacobs erred in disqualifying attorney Taylor, contending Husband
 waived any right to complain about any alleged conflict on the part of Taylor.   We agree.   We find Husband was estopped to seek disqualification of Wifes
 attorney where he waited for fifteen months after institution of the
 proceedings, at a time when Wife sought to have him held in contempt.  Cf.  Strickland v. Strickland, 375 S.C. 76, 650 S.E.2d 465 (2007) (one who
 delays unreasonably could be said to be estopped from asserting a claim if
 another has relied on that delay to his detriment).     
In any
 event, we do not find that the prior representation by attorney Taylors
 partner was substantially related to the present matter.  Townsend v.
 Townsend, 323 S.C. 309, 317, 474 S.E.2d 424, 429 (1996).  Accordingly, Judge
 Jacobs erred in disqualifying Wifes attorney.
CONCLUSION
We
 affirm Judge Bartletts order holding Judge Jacobs order valid and
 enforceable.  However, we reverse Judge Jacobs order disqualifying Wifes
 attorney.
AFFIRMED
 IN PART, REVERSED IN PART.
TOAL,
 C.J., MOORE, PLEICONES and BEATTY, JJ., concur.

[1]  The appeals were transferred from the Court of
 Appeals to this Court pursuant to Rule 204(b), SCACR.