**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Garry Hoyt, Appellant,

v.

CollaborativeMed, LLC and Richard L. Grounsell, Defendants,

Of which Richard L. Grounsell is the Respondent.

Appellate Case No. 2019-000965

———————

Appeal From Greenville County
Robin B. Stilwell, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-268
Submitted April 1, 2022 – Filed June 15, 2022

———————

**AFFIRMED**

———————

Mario Anthony Pacella and John R. Alphin, both of Strom Law Firm, LLC, of Columbia, for Appellant.

Richard L. Grounsell, pro se, of Greenville.

———————

**PER CURIAM:** This case involves the efforts of Richard L. Grounsell, to develop and market new insulin delivery technology, the Glucommander. Garry Hoyt, a co-founder of Glucotec, one the entities involved in this effort, maintains

Grounsell violated a fiduciary duty to him by failing to give notice of a shareholder meeting in which a stock exchange was consummated between Glucotec and another entity owned by Grounsell, CollaborativeMed, LLC. Hoyt appeals the circuit court's order finding he failed to establish damages to support his claim.[1] We affirm.

1. As to Hoyt's contention the circuit court erred in finding Hoyt failed to prove damages to support his breach of fiduciary duty claim, we agree that one circuit judge cannot overrule another. *See Enoree Baptist Church v. Fletcher*, 287 S.C. 602, 604, 340 S.E.2d 546, 547 (1986) ("One [c]ircuit [c]ourt [j]udge does not have the authority to set aside the order of another."); s*ee also Belton v. State*, 313 S.C. 549, 554, 443 S.E.2d 554, 557 (1994) (holding one judge did not have authority to overrule another judge's order regarding jurisdiction as the question of jurisdiction in the case was "purely a legal one"). However, the first circuit court's order did not make a specific ruling as to damages. Even if it did, Judge Stilwell's order indicates he examined the record and found Hoyt failed to establish damages. We find no reversible error in the circuit court's conclusion. *See Jordan v. Holt*, 362 S.C. 201, 205, 608 S.E.2d 129, 131 (2005) ("[A] claim of breach of fiduciary duty is an action at law and the [circuit court]'s findings will be upheld unless without evidentiary support."); *Piggy Park Enters., Inc. v. Schofield*, 251 S.C. 385, 391, 162 S.E.2d 705, 708 (1968) ("It is, of course, true that the existence or amount of damages cannot be left to conjecture, guess[,] or speculation.").

2. Regarding Hoyt's appeal of the interested director transaction claim, this issue was finally determined by the Court of Appeals' previous opinion in this case. The opinion noted Hoyt had not appealed the first circuit court's findings on the fairness of the transaction, and therefore, those findings were the law of the case. *Hoyt v. CollaborativeMed, LLC*, Op. No. 2018-UP-093 (S.C. Ct. App. filed Feb. 21, 2018). That point was not, therefore, appropriate for Judge Stilwell to consider on remand and likewise is not subject to review by this court. *See Prince v. Beaufort Mem'l Hosp.*, 392 S.C. 599, 605, 709 S.E.2d 122, 125 (Ct. App. 2011) ("When we remand a case, the [circuit] court has only the jurisdiction and authority mandated by this court."); *see also id*. at 606, S.E.2d at 126 ("The [circuit] court's duty is to follow the instructions it received from the appellate court.").

---

[1] Judge Young was the first circuit court judge in this matter but was retired at the time of the Court of Appeals' decision remanding the case. Judge Stilwell adjudicated the matter on remand, and this second order is the subject of this appeal.

3.  Finally, as to Judge Stilwell's findings regarding Dr. Bode's credibility, we conclude Hoyt's arguments are without merit and resulted in no prejudice to Hoyt. The first circuit court made no specific findings about Dr. Bode's credibility. Judge Stilwell's order reflects he made his own findings based on a review of the original trial's transcript.  The parties had agreed to stand on the transcript of the prior trial on remand.  Therefore, any complaints about Judge Stilwell's reliance on the prior record or the first circuit court's order are without merit. *See Christy v. Christy*, 347 S.C. 503, 512, 556 S.E.2d 701, 705 (Ct. App. 2001), *aff'd as modified*, 354 S.C. 203, 580 S.E.2d 444 (2003) (discussing the disability of a judge and stating "if all parties consent, a successor judge may make findings of fact and conclusions of law based on the trial transcript").  Furthermore, Judge Stilwell's findings regarding Dr. Bode's credibility did not prejudice Hoyt as the court agreed appropriate notice of the subject meetings was not provided.  None of Dr. Bode's testimony relating to possible damages, even if found credible, would salvage Hoyt's claim.

**AFFIRMED.[2]**

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[2] This case is decided without oral argument pursuant to Rule 215, SCACR.