IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
OCTOBER 2, 2000 Session

**CHERYL N. BUCKNER, ET AL. v. DAVID F. HASSELL, M.D., ET AL.**

**Appeal from the Circuit Court for Knox County**
**No. 1-141-98   Dale C. Workman, Judge**

**FILED OCTOBER  30, 2000**

**No. E1999-02564-COA-R3-CV**

---

Ronald L. Buckner was diagnosed with a rare form of melanoma which ultimately resulted in his death.  His wife, Cheryl N. Buckner, brought this medical malpractice action against her husband's family physician, Dr. David F. Hassell.  The Trial Court excluded portions of the testimony of Mr. Buckner's dermatologist and dermatopathologist due to Ms. Buckner's failure to name these physicians as expert witnesses in her answers to interrogatories pursuant to Tenn. R. Civ. P. 26.  The jury returned a verdict in favor of Dr. Hassell, and thereafter, Ms. Buckner filed a Motion for New Trial based upon the weight of the evidence and the Trial Court's exclusion of the dermatologist's testimony regarding the standard of care.  The Trial Court denied the Motion.  On appeal, Ms. Buckner contends that the Trial Court erred in excluding the testimony at issue because Dr. Hassell did not suffer any prejudice from these physicians not having been identified as expert witnesses in Plaintiff's answers to interrogatories as his attorney was aware of the dermatologist's opinions prior to his deposition for proof, and because each of  these treating physicians whose testimony was excluded was not a Rule 26 expert witness. We affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed; Case Remanded.**

SWINEY, D. MICHAEL,  J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J. and HERSCHEL P. FRANKS, J., joined.

Donna Keene Holt and David E. Waite, Knoxville, Tennessee, for the appellant, Cheryl N. Buckner.

James G. O'Kane, Knoxville, Tennessee, for the appellee, David F. Hassell, M.D.

# OPINION

## Background

This appeal arises from a medical malpractice action based primarily upon a failure to biopsy an alleged non-healing skin lesion. The case was tried by a jury who found in favor of David F. Hassell, M.D. (hereafter "Defendant"). Plaintiff, Cheryl N. Buckner, brought this medical malpractice action against Defendant, a family physician, on behalf of her deceased husband, Ronald L. Buckner. In 1994, Mr. Buckner was diagnosed with amelanotic melanoma, a rare form of melanoma. Mr. Buckner's melanoma metastasized and, ultimately, resulted in his death in 1998.

Defendant treated Mr. Buckner from 1989 to 1993. In May, 1990, Defendant began treating Mr. Buckner for inflammation and dermatitis on his second right toe. Over the next three years, Defendant periodically treated Mr. Buckner's toe which had bouts of partial healing, only to relapse with bleeding and a breakdown of the skin. At one point, Mr. Buckner did not complain to Defendant of any problems with his toe for a nineteen month period during which he sought treatment from Defendant for other matters. Defendant last saw Mr. Buckner's foot in June, 1993, and testified that at that time, Mr. Buckner's toe was 90% healed. Defendant never referred Mr. Buckner to a specialist, nor did he take a biopsy of the affected skin.

Mr. Buckner was subsequently treated by a dermatologist, Dr. Anthony Meyers, and a dermatopathologist, Dr. Paul Googe. In May, 1994, at the time of Mr. Buckner's first visit, Dr. Meyers was the first physician to biopsy Mr. Buckner's skin on his toe. This biopsy led to the diagnosis of amelanotic melanoma.

The Trial Court excluded portions of Dr. Meyers' and Dr. Googe's testimony because Plaintiff did not disclose in her Rule 26 interrogatory answers that these physicians would provide expert opinion testimony. This exclusion is the basis of Plaintiff's appeal.

A review of the relevant discovery exchanged between the parties in this matter is as follows: Defendant's attorney scheduled the deposition for proof of Dr. Meyers to take place the next month. At that time, Defendant's attorney suggested to Plaintiff's attorney that in lieu of taking a discovery deposition, she could interview Dr. Meyers. Shortly thereafter, Defendant served his interrogatory answers which identified Dr. Meyers as a witness who was expected to provided opinion testimony at trial. Plaintiff's attorney conducted an informal discovery interview of Dr. Meyers and found that Dr. Meyers' opinions were actually favorable to Plaintiff and that defense counsel had interviewed Dr. Meyers. Defendant cancelled his scheduled deposition of Dr. Meyers but, at the request of Plaintiff's attorney, agreed to keep the original deposition date so that Plaintiff's attorney could take Dr. Meyers' proof deposition. Twenty three days prior to Dr. Meyers' deposition date, Defendant served interrogatories, including a Rule 26 expert witness interrogatory, on Plaintiff. The record does not contain any indication that defense counsel requested Plaintiff's responses to these interrogatories prior to the thirty days allowed by Tenn. R. Civ. P. 33.

During Dr. Meyers' deposition, Plaintiff's attorney elicited testimony from Dr. Meyers concerning the following issues, among others: the standard of care regarding when a non-healing lesion should be biopsied; what residents are taught regarding the care of patients; and that the standard of care is the same for dermatologists as it is for any other physician treating a skin problem. Defense counsel objected to these matters at the time of the deposition on the basis that Plaintiff had not disclosed that Dr. Meyers would be providing expert opinion testimony regarding the standard of care. Thereafter, Plaintiff answered Defendant's interrogatories but failed to list Dr. Meyers and Dr. Googe as expert witnesses. Defendant also later objected to this testimony in Defendant's designation of depositions and objections.

Nearly one year later on the day before trial, the parties tendered this dispute to the Trial Court for its consideration. The Trial Court ruled that Dr. Meyers' and Dr. Googe's testimony regarding the issue of the standard of care would be excluded because of Plaintiff's failure to disclose the physicians as expert witnesses pursuant to Tenn. R. Civ. P. 26.

Contained in the excluded portions of Dr. Meyers' testimony was Dr. Meyers' opinion that the standard of care required that a non-healing lesion be biopsied within two to three weeks. By comparison, the jury heard testimony from one of Plaintiff's retained expert witnesses, Dr. Safer, a dermatologist, that the standard of care required a biopsy in such a situation within three to six months. Thereafter, Defendant himself testified that a persistent lesion which does not respond to treatment should be biopsied within six weeks. Defendant also testified that during his treatment of Mr. Buckner's toe, it did not appear the way it did in the photograph secured by Dr. Meyers in May, 1994. Other portions of Dr. Meyers' testimony related to the standard of care issue were excluded, including Dr. Meyers' testimony that the standard of care for a dermatologist is the same as it is for any other physician treating a skin problem.

After the jury returned a verdict in favor of Defendant, Plaintiff filed her Motion for New Trial which was denied. In her Motion, Plaintiff argued that the verdict was contrary to the weight of the evidence and that the Trial Court erred in excluding portions of Dr. Meyers' testimony regarding the standard of care. Plaintiff did not include the Trial Court's exclusion of Dr. Googe's testimony as a basis for her Motion.

**Discussion**

On appeal, Plaintiff raises the following issues: 1) did the Trial Court err in excluding portions of Dr. Meyers' testimony when Plaintiff's discovery responses were not due at the time of Dr. Meyers' deposition and when Defendant was not prejudiced by this testimony since defense counsel was aware of Dr. Meyers' opinions prior to the deposition; 2) was the exclusion of Dr. Meyers' and Dr. Googe's testimony error since the witnesses were treating physicians and not retained expert witnesses; and 3) was the Trial Court's exclusion of this testimony an inappropriate sanction.

Defendant states the issues on appeal as follows: 1) did Plaintiff waive her issue regarding the exclusion of Dr. Googe's testimony since she failed to raise the issue in her Motion for

New Trial; 2) did Dr. Meyers' and Dr. Googe's testimony regarding the standard of care constitute expert opinion testimony which fell outside their treatment history of Mr. Buckner; and 3) did the exclusion of the testimony at issue more probably than not affect the judgment.

With respect to the Trial Court's exclusion of Dr. Googe's testimony, we find that this matter is not properly before this Court. Plaintiff failed to raise this issue in her Motion for New Trial, and as a result, waived this issue for purposes of appeal. *See* Tenn. R. App. P. 3(e); *Flynn v. Shoney's, Inc.*, 850 S.W.2d 458, 461 (Tenn. Ct. App. 1992); *Boyd v. Hicks*, 774 S.W.2d 622, 627 (Tenn. Ct. App. 1989).

Plaintiff's remaining issues concern the Trial Court's exclusion of portions of Dr. Meyers' testimony regarding the standard of care. The Trial Court excluded this testimony due to Plaintiff's failure to disclose Dr. Meyers as a Rule 26 expert witness in her answers to interrogatories. The record shows that Plaintiff did not notify Defendant of her intent to elicit standard of care testimony from Dr. Meyers prior to his deposition for proof. In addition, although Dr. Meyers' deposition was taken, at Plaintiff's attorney's insistence, prior to the date that Plaintiff served her interrogatory answers on Defendant, Plaintiff never identified Dr. Meyers as an expert witness in her responses, nor did she supplement her interrogatory answers.

Rule 26.02(4) of the Tenn. R. Civ. P. provides that:

(A)(i) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

Moreover, Rule 26.05 requires that answers to interrogatories be supplemented in the following circumstances:

(1) A party is under a duty seasonably to supplement the party's responses with respect to any question directly addressed to . . .
(B) the identity of each person expected to be called as an expert witness at trial, the subject matter on which the person is expected to testify, and the substance of that testimony.

(2) A party is under a duty seasonably to amend a prior response if the party obtains information upon the basis of which the party (A) knows that the response was incorrect when made; or (B) knows that the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.

Although the Tennessee Rules of Civil Procedure do not specify a sanction to be imposed when a party fails to identify an expert witness in her discovery answers, our Supreme

Court found that "the inherent power of trial judges permits the trial judge to take appropriate corrective action against a party for discovery abuse." *Lyle v. Exxon Corp.*, 746 S.W.2d 694, 699 (Tenn. 1988) (citing *Strickland v. Strickland*, 618 S.W.2d 496, 501 (Tenn. Ct. App. 1981)). A trial judge's exclusion of expert witness testimony is subject to an abuse of discretion review by this Court. *Id.* (citing *Brooks v. United Uniform Co.*, 682 S.W.2d 913 (Tenn. 1984)). The *Lyle* court went on to find that exclusion of an expert witness' testimony may be an appropriate sanction for a party's failure to name the expert witness but stated that "other sanctions may be appropriate where the failure to name an expert witness is not knowing and deliberate." *Id.* In reviewing the inquiry that trial judges should make when determining the appropriate sanction, the *Lyle* court set forth the following considerations:

1. The explanation given for failure to name the witness;
2. The importance of the testimony of the witness;
3. The need for time to prepare to meet the testimony; and
4. The possibility of a continuance.

*Id. (*citing *Strickland,* 618 S.W. 2d at 501*).*

Plaintiff argues that Defendant's attorney was aware of Dr. Meyers' opinions prior to his proof deposition. The record, however, reflects only that Defendant's attorney had interviewed Dr. Meyers prior to the deposition. We find nothing in the record that shows whether or not Defendant's attorney knew Dr. Meyers' opinions on the standard of care issues prior to Dr. Meyers' proof deposition. It would be inappropriate for this Court to speculate as to what questions Defendant's attorney asked Dr. Meyers at his interview of Dr. Meyers, and what Dr. Meyers' answers to those questions were. The record contains an insufficient basis to support this aspect of Plaintiff's argument.

Under the circumstances presented in this matter, we cannot say that the Trial Court abused its discretion when it excluded the testimony of Dr. Meyers regarding the standard of care. *See id.*; *see also Ammons v. Bonilla*, 886 S.W.2d 239, 242-43 (Tenn. Ct. App. 1994) (holding that the trial court did not abuse its discretion when it excluded expert testimony due to a party's failure to supplement discovery responses). The question before this Court is not whether we would have reached the same decision the Trial Court did, but instead whether "the trial court has misconstrued or misapplied the controlling legal principles or has acted inconsistently with the substantial weight of the evidence." *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999). Further, "[a]ppellate courts should permit a discretionary decision to stand if reasonable judicial minds can differ concerning its soundness." *Id*. Under the facts before us, reasonable judicial minds could differ concerning the soundness of the Trial Court's decision. Therefore, the Trial Court's discretionary decision to exclude Dr. Meyers testimony stands.

The record reflects that prior to Meyers' proof deposition, Plaintiff did not notify defense counsel of her intent to secure testimony from Dr. Meyers regarding the standard of care, and that defense counsel timely objected to that line of questioning. Plaintiff and Defendant failed

to bring these objections to the Trial Court's attention prior to trial, which resulted in the Trial Court's ruling on these objections the day before trial. Once Defendants' counsel objected to Dr. Meyers' testimony on the standard of care issues, Plaintiff had available steps to eliminate Defendant's objections and prevent this issue from ever arising. Upon Defendant's objections, Plaintiff's counsel could have suspended the deposition, submitted her Rule 26 expert interrogatory answers, and reconvened the deposition of Dr. Meyers on the standard of care issue. It is relevant to note that Plaintiff did not designate the entirety of Dr. Meyers' deposition to be submitted to the jury, but rather designated only portions of that deposition to be submitted to the jury. Until Plaintiff designated those portions of Dr. Meyers' deposition, Defendant did not know for certain that Plaintiff intended to present those portions of Dr. Meyers' deposition to the jury. Plaintiff did not identify Dr. Meyers as an expert witness in her answers to interrogatories served *after* Dr. Meyers' proof deposition. Moreover, the record does not show that Plaintiff asked for a continuance once the Trial Court ruled that this testimony should be excluded. Even if the Trial Court abused its discretion in excluding this portion of Dr. Meyers' testimony, which we hold it did not, Plaintiff "failed to take any action to 'prevent or nullify the harmful effect of an error.'" *Ammons*, 886 S.W.2d at 243 (quoting Tenn. R. App. P. 36(a)).

Similarly, we reject Plaintiff's argument that she was not under a duty to identify Dr. Meyers in her interrogatory answers since Dr. Meyers was not an expert witness under Rule 26 because he was a treating physician. This Court in *Alessio v. Crook*, 633 S.W.2d 770 (Tenn. Ct. App. 1982), reviewed the issue of when a treating physician is an expert witness and held that:

> [a]n expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer in regard to the occurrence should be treated as an ordinary witness and not as an expert as contemplated by Rule 26, TRCP [sic].

*Id* at 779. The court in *Alessio* found that the physician in question was not an expert witness according to Rule 26 because he had gathered his information as the plaintiff's surgeon. *Id.* at 780. In this case, although Dr. Meyers was one of Mr. Buckner's treating physicians, the substance of the excluded testimony involved matters outside of Dr. Meyers' mere treatment of Mr. Buckner. Dr. Meyers' testimony regarding the applicable standard of care was drawn from Dr. Meyers' expertise and experience and not just from his participation as an actor or viewer in Mr. Buckner's treatment. This testimony, in turn, rendered him an expert witness under Tenn. R. Civ. P. 26 on the standard of care issue.

Plaintiff cites the recent opinion by this Court, *White v. Vanderbilt Univ.*, 21 S.W.3d 215, in support of her argument that Dr. Meyers is not an expert because he was Mr. Buckner's treating physician. While we recognize that *White* held that treating physicians are expert witnesses who do not fall within the parameters of Rule 26 because they are "experts who were not specifically retained in anticipation of litigation or in preparation for trial," we do not find that *White* is controlling under the particular circumstances of this case. *Id.* at 224. In classifying this type of expert witness, this Court in *White* relied upon *Alessio v. Crook* which, as discussed, focused on *how*

the witness obtained his information in preparation of his testimony. Dr. Meyers' testimony regarding the standard of care was based not solely on his treatment of Mr. Buckner, but instead, was gleaned also from his experience and expertise as a dermatologist. Accordingly, we hold that the Trial Court correctly found that Dr. Meyers was an expert witness on the standard of care issue whose identity should have been disclosed by Plaintiff in her answers to interrogatories pursuant to Rule 26. Our holding supports the important policy ". . . that discovery should enable the parties and the courts to seek the truth so that disputes will be decided by facts rather than by legal maneuvering." *Id.* at 223 (citations omitted). To hold otherwise would give future parties, both plaintiffs and defendants, the tool necessary to hide a standard of care witness until trial. Such a result would be contrary to the above stated policy.

Nevertheless, in the event that the Trial Court erred in excluding portions of Dr. Meyers' testimony, we cannot say, after a review of the proof submitted to the jury, that the excluded testimony more probably than not affected the judgment. *See* Tenn. R. Civ. P. 36(b); *Ammons v. Bonilla*, 886 S.W.2d at 243; *Cordell v. Ward School Bus Mfg.*, 597 S.W.2d 323, 328 (Tenn. Ct. App. 1980). The excluded portions of Dr. Meyers' testimony included his opinion that the standard of care required a non-healing lesion to be biopsied within two to three weeks. Although Plaintiff's retained expert, Dr. Safer, testified that such a lesion should have been biopsied within three to six months, Defendant himself testified to a more stringent standard which required conducting a biopsy of a non-healing lesion within six weeks. The jury also heard testimony from Dr. Meyers that he instructs family practice residents to biopsy no later than six weeks and testimony from Defendant that Dr. Meyers was one of his instructors during his residency.

Considering this testimony, the record reveals that the disputed issue presented to the jury in this matter concerned not simply when Defendant should have biopsied Mr. Buckner's toe, but instead what was the condition of Mr. Buckner's toe during the period of Defendant's treatment. Under the medical testimony presented to the jury, it was the condition of Mr. Buckner's toe that triggered when a biopsy was required under the standard of care. From our review of the record, it appears that Defendant agreed that if Mr. Buckner's toe when seen by Defendant was in the condition that Plaintiff insisted it was in, the undisputed standard of care required Defendant to obtain a biopsy. It appears the real disputed issue presented to the jury was the condition of Mr. Buckner's toe at the times he was seen by Defendant. As a result, we cannot find that the exclusion of portions of Dr. Meyers' testimony, even if in error, more probably than not affected the jury's decision. *See* Tenn. R. App. P. 36(b).

## Conclusion

The judgment of the Trial Court is affirmed, and this matter remanded for further proceedings as may be required, if any, consistent with this Opinion, and for collection of the costs below. Costs of this appeal are taxed to the Appellant, Cheryl N. Buckner, and her surety.

_____
D. MICHAEL SWINEY, JUDGE