IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 13, 2002 Session

## THE ROGERS GROUP, INC., v. ANDERSON COUNTY, TENNESSEE, and JOHN RICE IRWIN, CLIFTON STEPHENS, RICHARD DYER, M.D., RONNELL WEAVER, JAMES PYATT, RALPH SAWYER, and BETHEL BAPTIST CHURCH

**Direct Appeal from the Chancery Court for Anderson County**
**No. 95CH3256      Hon. Telford Forgety, Judge**

**FILED JANUARY 27, 2003**

**No. E2002-00409-COA-R9-CV**

After case was tried, the Trial Judge recused and another Judge was designated who granted a new trial on all issues. On appeal, we affirm.

**Tenn. R. App. P.9 Appeal by Permission; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Bruce D. Fox, Clinton, Tennessee, and H. Wayne Phears, Norcross, Georgia, for Appellant.

David L. Hill, Knoxville, Tennessee, and David S. Clark, Oak Ridge, Tennessee, for Appellee, Anderson County, Tennessee.

Dail R. Cantrell, Clinton, Tennessee, for Appellees, John Rice Irwin, et al.

**OPINION**

This is the second appeal to this Court in this case, wherein plaintiff sought damages from defendant for an unconstitutional taking of plaintiff's property by zoning classification.

Initially, the Chancellor found that a taking had occurred, and ordered defendant to either rezone the property or pay damages to plaintiff. After a Notice of Appeal was filed, defendant filed a post-trial motion seeking vacation of the damage award, and the Trial Court granted the Motion.

In the first appeal, we determined that there was no final judgment, and remanded the case for further proceedings on the issue of damages. After remand, defendant sought Recusal of the Trial Judge, and the Trial Judge recused himself and another Judge was assigned to hear the case.

The designed Chancellor initially granted a new trial with respect to the issue of damages only, but thereafter concluded that he could not complete the case without prejudice to the parties, and ordered a new trial on all issues.

He then certified an interlocutory appeal pursuant to Tenn. R. App. P. 9, which this Court granted.

The issue on appeal is whether the Trial Court promptly granted a new trial pursuant to Tenn. R. Civ. P. 63?

Tenn. R. Civ. P. 63 provides (in pertinent part):

If a trial or hearing has been commenced and the judge is unable to proceed, any other judge may proceed upon certifying familiarity with the record and determining that the proceedings in the case may be completed without prejudice to the parties.

The Advisory Commission Comments to the rule state that it is "similar to the federal version" and "is needed to cover the various situations where a judge starts but cannot complete a trial or hearing or the post-trial motion proceedings." The parties agree that the proper standard of review is whether the Trial Court abused its discretion. We have been referred to no controlling Tennessee case law on this issue, but we consider federal law construing Fed. R. Civ. P. 63 which is similar, as persuasive. *See Harris v. Chern*, 33 S.W.3d 741 (Tenn. 2000).

Federal case decisions before and after the 1991 Amendment to the Rule, make clear that the Trial Court has the discretion of whether or not to order a new trial, after assuming control of the case. *See Golf City, Inc. v. Wilson Sporting Goods*, 555 F. 2d 426 (5th Cir. 1977); *Thompson v. Sawyer*, 678 F.2d 257 (D.C. Cir. 1982); *In re: Allied Supermarkets, Inc.*, 951 F.2d 718 (6th Cir. 1991); *Canseco v. United States of America*, 97 F.3d 1224 (9th Cir. 1996); *Zand v. Commission of IRS*, 143 F.3d 1393 (11th Cir. 1998).

When a successor judge steps into the shoes of the original judge, he must consider any post-trial motions which the original judge would have been obligated to consider. *Mergentime Corp. v. Washington Metro Area Transit Auth.*, 166 F.3d 1257 (D.C. Cir. 1999). In this case, there was a post-trial motion pending to alter/amend the judgment, and while there is some dispute

regarding whether the original written motion sought alteration of the finding of liability or only damages, defendant correctly points out that an oral motion was made seeking a new trial on all issues. Thus, pursuant to Fed. R. Civ. P. 63 and the cases construing same, the Chancellor had the discretion in this case to order a new trial.

The issue thus becomes whether the Chancellor abused his discretion in granting a new trial. The Chancellor found that a new trial was necessary to avoid prejudice to the parties. "A trial court acts within its discretion when it applies the correct legal standard and reaches a decision that is not clearly unreasonable." *Bogan v. Bogan*, 60 S.W.3d 721, 733 (Tenn. 2001). It has also been held that "[a]n abuse of discretion occurs when the decision of the lower court has no basis in law or fact and is therefore arbitrary, illogical, or unconscionable." *Boyd v. Prime Focus, Inc.*, 2001 Tenn. App. Lexis 885 (Tenn. Ct. App. Dec. 5, 2001). In this case, the Trial Court applied the legal standard set out in the Rule, and its decision was not unreasonable, arbitrary, or unconscionable. The Trial Court gave valid reasons for its decision, and this Court has said that appellate courts should permit a discretionary decision to stand if reasonable minds can differ concerning its soundness." *Buckner v. Hassell*, 44 S.W.3d 78, 83 (Tenn. Ct. App. 2000). Thus, "[t]he abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court." *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn.1998).

Accordingly, we affirm the decision of the Chancellor, and remand with the cost of the appeal assessed to the appellants, Rogers Group, Inc.

_____
HERSCHEL PICKENS FRANKS, J.