**THE ROGERS GROUP, INC.,**

v.

**ANDERSON COUNTY, Tennessee, and John Rice Irwin, Clifton Stephens, Richard Dyer, M.D., Ronnell Weaver, James Pyatt, Ralph Sawyer, and Bethel Baptist Church.**

Court of Appeals of Tennessee, Eastern Section, at Knoxville.

Nov. 13, 2002 Session.

Jan. 27, 2003.

Dissenting Opinion April 1, 2003.

Permission to Appeal Denied by Supreme Court Sept. 2, 2003.

Bruce D. Fox, Clinton, Tennessee, and H. Wayne Phears, Norcross, Georgia, for Appellant.

David L. Hill, Knoxville, Tennessee, and David S. Clark, Oak Ridge, Tennessee, for Appellee, Anderson County, Tennessee.

Dail R. Cantrell, Clinton, Tennessee, for Appellees, John Rice Irwin, et al.

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, Jr., J., and D. MICHAEL SWINEY, J., joined.

## OPINION

After case was tried, the Trial Judge recused and another Judge was designated who granted a new trial on all issues. On appeal, we affirm.

This is the second appeal to this Court in this case, wherein plaintiff sought damages from defendant for an unconstitutional taking of plaintiff's property by zoning classification.

Initially, the Chancellor found that a taking had occurred, and ordered defendant to either rezone the property or pay damages to plaintiff. After a Notice of Appeal was filed, defendant filed a post-trial motion seeking vacation of the damage award, and the Trial Court granted the Motion.

In the first appeal, we determined that there was no final judgment, and remanded the case for further proceedings on the issue of damages. After remand, defendant sought Recusal of the Trial Judge, and the Trial Judge recused himself and another Judge was assigned to hear the case.

The designed Chancellor initially granted a new trial with respect to the issue of damages only, but thereafter concluded that he could not complete the case without prejudice to the parties, and ordered a new trial on all issues.

He then certified an interlocutory appeal pursuant to Tenn. R.App. P. 9, which this Court granted.

The issue on appeal is whether the Trial Court promptly granted a new trial pursuant to Tenn. R. Civ. P. 63?

Tenn. R. Civ. P. 63 provides (in pertinent part):

If a trial or hearing has been commenced and the judge is unable to proceed, any other judge may proceed upon certifying familiarity with the record and determining that the proceedings in

the case may be completed without prejudice to the parties.

The Advisory Commission Comments to the rule state that it is "similar to the federal version" and "is needed to cover the various situations where a judge starts but cannot complete a trial or hearing or the post-trial motion proceedings." The parties agree that the proper standard of review is whether the Trial Court abused its discretion. We have been referred to no controlling Tennessee case law on this issue, but we consider federal law construing Fed.R.Civ.P. 63 which is similar, as persuasive. *See Harris v. Chern*, 33 S.W.3d 741 (Tenn.2000).

Federal case decisions before and after the 1991 Amendment to the Rule, make clear that the Trial Court has the discretion of whether or not to order a new trial, after assuming control of the case. *See Golf City, Inc. v. Wilson Sporting Goods*, 555 F.2d 426 (5th Cir.1977); *Thompson v. Sawyer*, 678 F.2d 257 (D.C.Cir.1982); *In re: Allied Supermarkets, Inc.*, 951 F.2d 718 (6th Cir.1991); *Canseco v. United States of America*, 97 F.3d 1224 (9th Cir. 1996); *Zand v. Commissioner of IRS*, 143 F.3d 1393 (11th Cir.1998).

■ When a successor judge steps into the shoes of the original judge, he must consider any post-trial motions which the original judge would have been obligated to consider. *Mergentime Corp. v. Washington Metro. Area Transit Auth.*, 166 F.3d 1257 (D.C.Cir.1999). In this case, there was a post-trial motion pending to alter/amend the judgment, and while there is some dispute regarding whether the original written motion sought alteration of the finding of liability or only damages, defendant correctly points out that an oral motion was made seeking a new trial on all issues. Thus, pursuant to Fed. R.Civ.P. 63 and the cases construing same,

the Chancellor had the discretion in this case to order a new trial.

■ The issue thus becomes whether the Chancellor abused his discretion in granting a new trial. The Chancellor found that a new trial was necessary to avoid prejudice to the parties. "A trial court acts within its discretion when it applies the correct legal standard and reaches a decision that is not clearly unreasonable." *Bogan v. Bogan*, 60 S.W.3d 721, 733 (Tenn.2001). It has also been held that "[a]n abuse of discretion occurs when the decision of the lower court has no basis in law or fact and is therefore arbitrary, illogical, or unconscionable." *Boyd v. Prime Focus, Inc.*, 83 S.W.3d 761 (Tenn.Ct.App., 2001). In this case, the Trial Court applied the legal standard set out in the Rule, and its decision was not unreasonable, arbitrary, or unconscionable. The Trial Court gave valid reasons for its decision, and this Court has said that "appellate courts should permit a discretionary decision to stand if reasonable minds can differ concerning its soundness." *Buckner v. Hassell*, 44 S.W.3d 78, 83 (Tenn.Ct.App.2000). Thus, "[t]he abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court." *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn.1998).

Accordingly, we affirm the decision of the Chancellor, and remand with the cost of the appeal assessed to the appellants, Rogers Group, Inc.

CHARLES D. SUSANO, Jr., dissenting with respect to the majority's decision denying the appellant's petition for rehearing.

I have concluded that our original opinion released January 27, 2003, arrived at the wrong result. I reach this conclusion based upon my belief that, in our earlier

opinion, we erroneously concluded that the trial court had before it a Tenn. R. Civ. P. 59 motion for a new trial *on all issues* and that it acted pursuant to Tenn. R. Civ. P. 63 to address that Rule 59 motion *on all issues.* The record before us reflects that this is not what happened.

It is clear to me, beyond any doubt, that the trial court concluded that the appellees' Rule 59 motion *only* addressed the issue of damages. I reach this conclusion based upon what the trial court said in its order entered February 11, 2003:

> The County has argued that its Motion to Alter or Amend should be construed as also challenging Chancellor Williams' liability finding. *Having reviewed Anderson County's motion, the Court finds that the motion timely challenged only that portion of the Judgment awarding monetary damages for an unconstitutional taking.*

(Emphasis added). My review of the appellees' Rule 59 motion and the record in this case persuades me that the trial court was correct in its interpretation of the import of this motion.

In addition to concluding that the appellees' Rule 59 motion had not sought a new trial on the issue of liability, the court, in the same order, went on to recite the relief that it was granting with respect to that motion:

> The Court finds Anderson County's challenge to that portion of the Judgment entered December 21, 1998 ..., that awarded monetary damages for an unconstitutional taking to be well taken and the motion is SUSTAINED. The Court hereby grants a new trial on the issue of monetary damages. At such new trial, the Court will consider all issues raised in Anderson County's Motion to Alter or Amend, or other issues that may be timely raised hereafter, to the extent that such issues may bear on

the grant of monetary damages. Further, at such new trial the Court will consider damages to the date of such new trial.

(Capitalization in original).

After concluding its decree regarding the Rule 59 motion, the trial court, in its order, turned to a new section entitled "New Trial under Tenn. R. Civ. P. 63." The court's decree, expressly promulgated under Rule 63, provides, in pertinent part, as follows:

> Nevertheless, the Court finds that a new trial on all issues is warranted for another reason. When there is a change in judges after the trial or hearing in a case has commenced, Tennessee Rule of Civil Procedure 63 requires the successor judge to certify his familiarity with the record and determine whether he can complete the proceedings in the case without prejudice to the parties. The Court has certified its familiarity with the record, but has determined that it cannot complete these proceedings without prejudice to the parties. The Court finds that the parties would be prejudiced if it held a new trial on damages only, rather than a new trial on all issues.

> After the conclusion of the May 4, 2001, hearing, the Court continued thinking about this matter and considering all of the things that have happened and have not happened in this case.

> \* \* \*

> For the reasons that follow, the Court has concluded that it is not comfortable that it can finish this trial without prejudice to the parties....

> The court is troubled by the procedural status of this case, and has previously expressed this concern at the November 28 hearing.... Further, if this Court

grants the County a new trial on damages, it is effectively giving Rogers Group another chance to prove its damages as well. If there is going to be a new trial on the issue of damages, there should be a new trial on all issues, including liability.... Additionally, the Court is concerned that Chancellor Williams had the opportunity to see the property in making his ruling.

Because of all these matters that trouble the Court, the Court has concluded that a new trial is necessary under Tennessee Rule of Civil Procedure 63. Anderson County's motion for a new trial on all issues under Tennessee Rule of Civil Procedure 63 is hereby GRANTED.

(Capitalization in original).

As previously noted, I agree with the trial court's reading of the appellees' Rule 59 motion. However, I disagree with what I perceive to be the court's perception of its role and responsibility under Rule 63. When Chancellor Forgety succeeded Chancellor Williams, the liability feature of this case had been concluded. There is no explanation in the record as to why the trial court, under new leadership, could not try the damage feature of the case unless it also re-tried the liability aspect of the case. Liability had been determined by Chancellor Williams and the losing parties—the appellees—had not sought a new trial on this issue. The case was then at a clear point of demarcation. This is when the new chancellor came into the picture. The remaining issue was that of damages. At that juncture, he was at liberty to hear any and all evidence relating to this remaining issue.

I am not persuaded by the trial court's core explanation:

> Further, if this Court grants the County a new trial on damages, it is effectively giving Rogers Group another chance to prove its damages as well. If there is going to be a new trial on the issue of damages, there should be a new trial on all issues, including liability.

Chancellor Forgety does not provide any factual findings to support his conclusion that there should be a new trial on liability. He seems to be saying that if he was going to try damages, then in fairness to the appellees, he should re-open the question of liability and try that issue as well. There is no explanation for this conclusion in the record before us. I believe the chancellor misconstrued the discretionary power granted to him in Rule 63. I do not believe it is enough to say, in the language of Rule 63, that the case cannot "be completed without prejudice to the parties." There has to be some factual predicate for this conclusion, and in this case, there is none. Rule 63 is not intended to give the new judge *carte blanche* to start all over again. If there is no reason to commence the proceedings anew, the new judge should pick up the proceedings where he or she finds them and conclude that which was not concluded by his or her predecessor. I would hold that Chancellor Forgety should have picked up where Chancellor Williams left off and concluded this case on the remaining issue of damages.

I believe the trial court erred in its interpretation and application of Rule 63. Accordingly, I would grant the appellant's petition, vacate our earlier ruling, reverse the trial court's grant of a new trial on the issue of liability, and remand for a new trial on damages only. Once the matter has been finally concluded below, the parties would then be at liberty to appeal any aspect of the case with which they disagreed, be it liability or damages.