IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 23, 2004 Session

# JOHN WILLINGHAM v. SHELBY COUNTY ELECTION COMMISSION, ET AL.

**A Direct Appeal from the Chancery Court for Shelby County**
**No. 03-2020-1     The Honorable Walter L. Evans, Chancellor**

---

**No. W2004-00230-COA-R3-CV - Filed December 7, 2004**

---

Plaintiff/Appellant, an unsuccessful candidate for mayor of The City of Memphis, brought "Complaint for Election Contest" against Defendant/Appellee, Shelby County Election Commission and Tennessee Division of Elections. Plaintiff/Appellant filed Motion to Compel Discovery and for Continuance, asserting that Defendant/Appellee had withheld information crucial to Plaintiff/Appellant's case. The trial court denied Plaintiff/Appellant's Motion and dismissed Plaintiff's action pursuant to Tenn. R. Civ. P. 41.02(2). We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY M. KIRBY, J., joined.

Kevin A. Snider of Germantown For Appellant, John Willingham

Robert J. Spence, Jr. and Patti C. Bowlan of Memphis For Appellee, Shelby County Election Commission

**OPINION**

John Willingham ("Willingham," "Plaintiff," or "Appellant") was a candidate for mayor of The City of Memphis in the October 9, 2003 election (the "Election"). Willingham lost that election by more than 46,000 votes to the incumbent candidate. On October 20, 2003, Willingham filed a "Complaint for Election Contest" (the "Complaint") against the Shelby County Election Commission (the "Commission," or "Appellee") and the Tennessee Division of Elections (together with the

Commission, "Defendants").[1] In his Complaint, Willingham sought to have the Election declared null and void, or to have a full recount ordered, based on numerous grounds, which Willingham asserted "affected a substantial number of votes which could be sufficient to change the result of the election." These grounds include:

> A. ...indications of fraud and other irregularities; and/or
> B. ...indications of malfunctions in the voting machines; and/or
> C. ...indications of malfunctions in the vote counting mechanisms; and/or
> D. ...indications of malfunctions in the computer operating system(s); and/or
> E. ...indications of other irregularities in the voting process for this election.

On November 13, 2003, the Commission filed its Answer, which included, as affirmative defenses, (1) failure to state a claim on which relief can be granted, and (2) failure to plead with specificity the elements for an election contest necessary under T.C.A. § 2-17-101 *et seq.* The Answer also sought a more definite statement of the facts supporting the Complaint. A trial date was set for December 9, 2003, within the limitations period for the commencement of trials of election contests under T.C.A. § 2-17-106.

On November 13, 2003, the Commission filed its "Notice to Take Deposition of John Willingham," which notice was amended (as to the date of the deposition) and re-filed on November 18, 2003. On November 18, 2003, the Commission promulgated discovery requests to Willingham in the form of written interrogatories and request for documents.[2] According to the Commission's brief, on November 17, 2003, Willingham submitted expedited discovery requests to the Commission. These were apparently not filed with the Court and have not been made a part of the record on appeal. The Commission's brief indicates that the Commission filed a response to Willingham's expedited discovery request on or about December 1, 2003.

On December 9, 2003, the date of the trial, Willingham filed and presented "Plaintiff's Motion for Continuance and Motion to Compel," which reads, in relevant part, as follows

---

[1] The trial court's Order dismisses Willingham's case as to all parties and the Tennessee Division of Elections did not enter an appearance, nor is it a party to this appeal.

[2] Although Plaintiff did not respond to discovery, the Commission took no steps to compel discovery.

As grounds for said Motion, the Plaintiff would state that the Defendant, Shelby County Election Commission, has refused and/or otherwise failed to properly respond to the Plaintiff's Expedited Discovery Requests.

In particular, the Plaintiff requested in Request Number 2 the written plan and/or procedures used by the Shelby County Election Commission post election. Said Defendant produced the policies and procedures but Page 24 of the policies and procedures is "missing". Coincidentally, Page 24 apparently is the place where "contract employees" are detailed and any contact information to Global/Diebold is mentioned.

In addition, the Plaintiff requested in Request Number 3, a printed tally of the vote at each precinct, done at the precinct on the night of the election. Said Defendant has not produced this information and it is critical to verifying the final voting results in that the printed tally sheets from each precinct are the only way to verify the final election data. In short, this is the raw data.

At the December 9, 2003 hearing, all pending motions were argued. On December 10, 2003, the trial court entered its "Order of Involuntary Dismissal as to Plaintiff's Cause of Action and Order Denying Plaintiff's Motion for a Continuance and Motion to Compel" (the "Order"). The Order reads, in relevant part, as follows:

It appears to the Court, based upon the arguments of the Plaintiff's attorney and the attorney for the Shelby County Election Commission ("Commission"), and at the close of the Plaintiff's proof, which included testimony from the Plaintiff and the Plaintiff's witnesses, heard December 9, 2003, that Commission is entitled [to] an order of involuntary dismissal as Plaintiff has shown no right to relief upon the facts or the law.

It further appears to the Court, that based upon the arguments of the counsel heard December 9, 2003, that the Plaintiff's Motion for A Continuance and Motion To Compel are not well taken and should be denied.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED, that Plaintiff's cause of action is hereby involuntarily dismissed with prejudice as to all parties....

Willingham appeals and raises three issues for review as stated in his brief:

I.  Trial Court erred in denying Appellant's Motion to Compel.

    A.  Appellant's outstanding discovery requests directly related to disputed claim of fraud or irregularities in the Shelby County Voting system as specified in the Complaint.

    B.  Appellee failed to respond accurately to discovery instead offering incomplete and evasive answers.

        1.  Shelby County Election Commission Training Manual for Election Officials is "incomplete".
        2.  The "raw data" requested from each precinct on the night of the election was never provided.

    C.  Motion to Compel should be granted pursuant to Tenn. R. Civ. P. 37.01.

II.  Trial Court erred in denying the Motion for Continuance and instead ordering involuntary dismissal.

    A.  A Continuance is appropriate when Defendant's withholding of vital discovery documents prohibited Plaintiff the opportunity to fully develop case.

    B.  Order for Involuntary Dismissal is inappropriate when Plaintiff was not given opportunity to present his case-in-chief while at trial.

III.  Trial Court erred in failing to make appropriate election contest judgment findings pursuant to T.C.A. § 2-17-112.

On June 2, 2004, the Commission filed a "Motion Pursuant to Tenn. Code Ann. 27-1-122 for Damages for Frivolous Appeal."

We first note that, since this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. *See* Tenn. R.App. P. 13(d).

Motion to Compel and Denial of Continuance

It is well settled that decisions regarding pre-trial discovery matters rest within the sound discretion of the trial court. The decision of the trial court in discovery matters will not be reversed on appeal unless a clear abuse of discretion is demonstrated. *Benton v. Snyder*, 825 S.W.2d 409 (Tenn.1992); *Paine v. Ramsey*, 591 S.W.2d 434, 436 (Tenn.1979). While the "abuse of discretion" standard limits the scope of our review of discretionary decisions, it does not immunize these decisions completely from appellate review. *Duncan v. Duncan*, 789 S.W.2d 557, 561 (Tenn. Ct. App.1990). Even though it prevents us from second-guessing the trial court, *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 223 (Tenn. Ct. App.1999), or from substituting our discretion for the trial court's discretion, *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn.1998); *State ex rel. Vaughn v. Kaatrude*, 21 S.W.3d 244, 248 (Tenn. Ct. App.2000), it does not prevent us from examining the trial court's decision to determine whether it has taken the applicable law and the relevant facts into account. *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn.1996). We will not hesitate to conclude that a trial court "abused its discretion" when the court has applied an incorrect legal standard, has reached a decision that is illogical, has based its decision on a clearly erroneous assessment of the evidence, or has employed reasoning that causes an injustice to the complaining party. *Clinard v. Blackwood*, 46 S.W.3d 177, 182 (Tenn.2001); *Buckner v. Hassell*, 44 S.W.3d 78, 83 (Tenn. Ct. App.2000); *Overstreet v. Shoney's, Inc*., 4 S.W.3d 694, 709 (Tenn. Ct. App.1999).

In this case, Willingham asserts that the Commission failed to produce all of the documents requested during the course of discovery. In particular, Willingham states that the Commission provided an "incomplete" Training Manual for Election Officials, that the Commission withheld "raw data" from each precinct, and that the Commission failed to fully and completely respond to interrogatories. The Commission, on the other hand, contends that it provided all of the answers and documents that Willingham requested. The record before this Court contains neither the discovery documents propounded by Willingham to the Commission nor the documents or answers that the Commission provided. It is the responsibility of the Appellant to present to this Court a full and complete record on appeal. In the absence of the aforementioned documents, this Court has nothing upon which to determine whether the Commission was forthcoming. Therefore, we cannot say that the trial court abused its discretion in denying Willingham's Motion to Compel Discovery. Since we cannot determine whether or to what extent the Commission withheld documents and/or answers from Willingham, we also cannot say that the trial court abused its discretion in denying Willingham's request for a continuance. We further note that since Willingham is complaining primarily about the results emanating from the voting machines, no effort was made for the machines to be brought in and examined pursuant to T.C.A. 2-17-110. Consequently, Appellant's first two issues are without merit.

Form of the Trial Court's Order

The December 9, 2003 hearing was scheduled to be a hearing on the merits of this case. However, as a preliminary matter, the trial court heard argument on Willingham's Motion to Compel Discovery and for Continuance. The trial court first found that Willingham's Motion was denied and we have addressed the issues arising from that finding *supra*. The trial court then heard the proof that Willingham was prepared to offer, including Willingham's own testimony. From this

evidence, the trial court found that Willingham had shown no right to relief and, therefore, dismissed the action pursuant to Tenn. R. Civ. P. 41.02(2).

Willingham also asserts that he "was not given an opportunity to present his case in chief while at trial" and further asserts that the trial court erred in failing to make appropriate election contest judgment findings pursuant to T.C.A. § 2-17-112.[3]

As to the assertion concerning the trial of the case, the record does not indicate that the trial court refused to hear any proof advanced by Plaintiff, nor cut the Plaintiff off from presenting any proof that he wanted to present. There is nothing in this record to indicate that Plaintiff was not allowed to present everything he wanted to present in his case in chief. This issue is without merit.

As to the form of a judgment entered in this case, the Plaintiff, through his attorney, approved the judgment as to form and raised no question concerning the form of the judgment in the trial court. This issue was raised for the first time on appeal, and it has long been the law in this state that issues not raised or complained of in the trial court will not be considered on appeal. *See Butler v. Madison County Jail*, 109 S.W.3d 360 (Tenn. Ct. App. 2002). Moreover, the dismissal of Plaintiff's contest complaint confirms the election.

Frivolous Appeal

As noted *supra*, the Commission filed a Motion for Damages for Frivolous Appeal on June 2, 2004 and Willingham responded to that Motion on July 29, 2004. We deny the Motion.

The Order of the trial court is affirmed. Costs of this appeal are assessed to the Appellant, John Willingham, and his surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.

_____

[3] T.C.A.§ 2-17-112 reads, in relevant part, as follows:

> **Judgment**. (a) After hearing the case, the court shall give judgment either:
> (1) Confirming the election;
> (2) Declaring the election void;