IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 21, 2005 Session

## JOHN ALLEN CONSTRUCTION, LLC v. JEROME HANCOCK, SANDRA HANCOCK, and CARROLL BANK AND TRUST

An Appeal from the Chancery Court for Benton County
No. 00-195     Ron E. Harmon, Chancellor

No. W2004-02920-COA-R3-CV - Filed March 1, 2006

This is a construction case.  The defendant homeowners entered into an oral contract with the plaintiff contractor to construct a house for the defendants.  After the contractor had substantially completed construction of the house, the homeowners discharged the contractor.  The contractor then filed suit for unpaid costs and fees.  The defendant homeowners counter-sued, alleging breach of the original contract.  After a trial, the trial court entered a final order granting a monetary award to the contractor for his unpaid fees, minus several credits awarded to the defendant homeowners.  The record does not include any factual findings or legal conclusions detailing the basis for the award. The defendant homeowners appeal, asserting that the trial court erred in admitting the testimony of an expert witness and in its calculation of the award to the contractor.  We affirm the trial court's admission of the expert testimony, but vacate the judgment and remand to the trial court for factual findings and legal conclusions in order to resolve the remaining issues on appeal.

**Tenn. R. App. P. 3; Judgment of the Chancery Court is Vacated and Remanded**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Carthel L. Smith, Jr., Lexington, Tennessee, for appellants Jerome Hancock and Sandra Hancock.

John W. Whitworth, Camden, Tennessee, for appellee John Allen Construction, LLC.

**OPINION**

The parties entered into an oral contract for the construction of a new home in Benton County, Tennessee.  Under the terms of the contract, Plaintiff/Appellee John Allen Construction, LLC ("John Allen Construction"), would build the home for Defendant/Appellants Jerome Hancock and Sandra Hancock (collectively, "Hancocks").  Pursuant to the oral agreement, John Allen Construction would be paid on a time and materials basis, plus an eight percent profit.

In August 1999, John Allen Construction ordered the initial plans for the Hancocks' home. Ultimately, several alterations to the initial plans were requested and made. At some point during the construction, one of the carpenters for John Allen Construction was arrested. Subsequently, after construction of a significant portion of the home had been completed, the Hancocks dismissed John Allen Construction. The Hancocks allege that John Allen Construction was dismissed because of numerous structural deficiencies in the construction of the home.

After the Hancocks severed their relationship with John Allen Construction, on December 5, 2000, John Allen Construction filed a lawsuit against the Hancocks in the Benton County Chancery Court. The complaint alleged that John Allen Construction was not paid for a portion of the labor and materials furnished in its performance of the contract, and sought a monetary award of damages in the amount of $71,092.50, plus interest.

On January 12, 2001, the Hancocks filed their answer and counter-complaint. The Hancocks asserted that the parties had agreed upon a "cap" or maximum on the price for constructing the home, and that John Allen Construction had exceeded the agreed-upon contract price. The Hancocks contended that John Allen Construction had performed the work in a defective manner, had performed unnecessary work, and had failed to complete the construction in a timely manner. The Hancocks denied that John Allen Construction was due the $71,092.50 in damages sought in the complaint.

The Hancocks' counter-complaint alleged that the parties had agreed that construction of the home would not exceed $250,000, although the parties later agreed to amend the original "cap" to add additional features to the home for a price of $42,000. The Hancocks asserted that, at the time the Hancocks discharged John Allen Construction for breaching the contract, they had already paid John Allen Construction $318,668.46, even though the home was not yet finished. Consequently, the Hancocks claimed, they were forced to hire third-party contractors to complete the project. Allegedly, these new contractors discovered a number of latent defects in John Allen Construction's work.[1] The Hancocks claimed that they spent $181,333.00 to correct the defects and complete the home. In the counter-complaint, they sought monetary damages of $208,000, plus compensatory and consequential damages, as well as interest.

In the course of trial preparation, the trial court ordered the Hancocks to furnish John Allen Construction with site-evaluation reports and permitted John Allen Construction's engineering and construction experts to inspect the premises. The parties propounded discovery requests, including requests seeking the identity of expert witnesses expected to testify at trial.

The trial was held on multiple days between January 14, 2004, and February 25, 2004. Twenty-two witnesses testified, and over one hundred exhibits were entered into evidence.

---

[1] The Hancocks later amended their counter-complaint to note additional problems related to John Allen Construction's construction of the house.

At the close of the Hancocks' proof, John Allen Construction called an expert witness, John Mishu ("Mishu"), to testify. Neither Mishu's identity nor the substance of his testimony had been disclosed to the Hancocks during discovery. John Allen Construction contended that Mishu's testimony was necessary to rebut the testimony of one of the Hancocks' experts, David Evans, a technical engineer. Mishu's qualifications as an expert were not disputed. The Hancocks, however, objected to his testimony, asserting that Mishu was a surprise witness and that they were unable to adequately prepare for his cross-examination.

The trial court permitted Mishu to testify for the limited purpose of rebutting the testimony of David Evans. Toward that end, Mishu was not permitted to provide factual testimony, but was limited to critiquing Evans' testing procedures and the assumptions made from those tests. To address the concern of the Hancocks' counsel that he was unprepared to cross-examine Mishu, the trial court offered to recess the proceedings and return on another day to allow time to prepare for the cross-examination:

| The Court: | You have the opportunity to take a recess if you wish. You understand that? |
|---|---|
| Mr. Smith: | Yes. |
| The Court: | The Court will recess; we'll come back another day if you need time. If you wish to do that. |
| Mr. Smith: | We might ought to talk about that. |

The proceedings were adjourned after this exchange, and the trial proceeded without any further reference to the trial court's offer of a continuance.[2]

Final judgment was entered on November 8, 2004. The order simply provided:

[T]he Court finds that the Plaintiff, John Allen Construction, LLC, is due an unpaid bill from the Defendants, Jerome Hancock and wife Sandra Hancock, in the amount of $71,092.00. The Court further finds that profits added to said bill in the amount of $5,680.00 and credits for money spent by the Defendants in the amount of $43,800.00 should be credited against said debt.

Based on the foregoing, the trial court entered a judgment in favor of John Allen Construction against the Hancocks in the amount of $21,612.00. From this order, the Hancocks now appeal.

On appeal, the Hancocks raise several issues for our review. First, the Hancocks argue that John Allen Construction was licensed to build homes only up to a cost of $110,000, and beyond that amount could recover only documented expenses. The Hancocks contend that there was no clear

---

[2] Despite this exchange, the Hancocks' counsel asserts that the trial court, while acknowledging that Mishu was a surprise witness, "did not allow Counsel for Appellants [Hancocks] an opportunity to recess the hearing or grant a continuance of the same." We find this assertion to be without merit.

and convincing evidence at trial of John Allen Construction's actual expenses. Second, the Hancocks argue that John Allen Construction should not have been awarded any damages, considering the numerous material breaches and significant structural defects in the construction of the Hancocks' home.[3]

The Hancocks also argue on appeal that the trial court erred in calculating the credits in the judgment. In support of this argument, the Hancocks contend that the trial court failed to award the Hancocks: (1) the cost of necessary remedial work; (2) the cost of completing the residence; and (3) the cost of the work needed to insure the structural integrity of the home. The Hancocks also assert on appeal that the trial court failed to consider the fact that John Allen Construction exceeded the agreed-upon "cap" on the contract price. Finally, the Hancocks argue that the trial court abused its discretion in allowing the rebuttal expert witness, Mishu, to testify.

John Allen Construction contends that the trial court improperly disallowed it profits in the amount of $5,680, and that the trial court erred in allowing the Hancocks credit for repairs after the Hancocks purportedly denied John Allen Construction the opportunity to cure any alleged defects.

We consider first the final issue raised by the Hancocks on appeal, namely, whether the trial court erred in permitting John Allen Construction's rebuttal expert witness, Mishu, to testify. A trial court's decision to admit expert testimony is reviewed under a deferential abuse of discretion standard. *Mercer v. Vanderbilt University*, 134 S.W.3d 121, 133 (Tenn. 2004). In Tennessee, an appellate court will not set aside a trial court's discretionary decision unless the trial court has erred in applying the controlling legal principles or has acted contrary to the overwhelming weight of the evidence. *Id.*; *White v. Vanderbilt University*, 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999) (citing *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 709 (Tenn. Ct. App. 1999)). Furthermore, "[a]ppellate courts should permit a discretionary decision to stand if reasonable judicial minds can differ concerning its soundness." *White*, 21 S.W.3d at 223; *see also* *Buckner v. Hassell*, 44 S.W.3d 78, 83 (Tenn. Ct. App. 2000).

The Hancocks argue that the trial court abused its discretion by allowing Mishu to testify despite the fact that neither his identity nor the substance of his testimony was disclosed during discovery. To support this argument, the Hancocks cite cases in which the testimony of such an expert witness was excluded because the witness had not been properly identified during the discovery process. Additionally, the Hancocks maintain that Mishu was a surprise witness and that the Hancocks were unfairly prejudiced because they did not have the opportunity to properly prepare for cross-examination.

---

[3]The material breaches and structural defects alleged at trial and argued on appeal include, among others, deficiencies in the home's footing, walls, foundation, flooring, ceilings, and framing.

Under the Tennessee Rules of Civil Procedure, parties have a duty to disclose, upon request, the identity of expert witnesses expected to testify at trial, as well as the substance of the expert's anticipated testimony. In pertinent part, Rule 26.02 provides:

> A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

Tenn. R. Civ. P. 26.02(4)(A)(i). Litigants have a duty to seasonably supplement their responses to interrogatories to inform an adversary of any later decision to use an expert at trial. Tenn. R. Civ. P. 26.05(1). The Tennessee Rules of Civil Procedure do not expressly provide for sanctions against a party for the failure to seasonably supplement an answer to an interrogatory seeking the identity of an expert or the anticipated substance of his testimony. *Mercer*, 134 S.W.3d at 133; *Lyle v. Exxon Corp.*, 746 S.W.2d 694, 699 (Tenn. 1988). Consequently, it remains within the province of the trial court to fashion an appropriate remedy for such a failure to disclose. *Mercer*, 134 S.W.3d at 133; *Lyle*, 746 S.W.2d at 699 (citing *Strickland v. Strickland*, 618 S.W.2d 496, 501 (Tenn. Ct. App. 1981)).

When an expert witness has not been identified during the discovery process, the trial court may properly exclude the testimony of that witness. *See Lyle*, 746 S.W.2d at 699. However, other sanctions may be more appropriate when the failure to identify the witness was neither knowing nor deliberate. *Id*. The *Lyle* Court listed a number of factors to be considered in determining the appropriate sanction:

1. The explanation given for the failure to name the witness[;]
2. The importance of the testimony of the witness;
3. The need for time to prepare to meet the testimony; and
4. The possibility of a continuance.

*Id*. Ultimately, the decision is in the trial court's sound discretion. *Id*. (citing *Brooks v. United Uniform Co.*, 682 S.W.2d 913 (Tenn. 1984)); *Buckner*, 44 S.W.3d at 83.

In the instant case, the attorney for John Allen Construction explained to the trial court that Mishu was discovered less than one week before the February 14, 2005 hearing. Counsel for John Allen Construction told the trial judge that he attempted to notify the Hancocks' counsel of his intent to call Mishu to testify. Ultimately, Mishu was only permitted to testify for the limited purpose of rebutting the testimony of the Hancocks' expert. More importantly, after recognizing the need of the Hancocks' counsel for extra time to prepare, the trial court offered to recess the proceedings and "come back another day" if the Hancocks' counsel so desired. It is apparent that the Hancocks did not accept the trial court's offer of a continuance. Under these circumstances, we find no abuse of discretion, and the ruling of the trial court permitting Mishu to testify is affirmed.

The Hancocks next raise numerous issues regarding the correctness of the trial court's award of damages to John Allen Construction, including whether John Allen Construction was limited to recovering its documented expenses because it was improperly licensed, whether there was clear and convincing evidence of John Allen Construction's actual expenses, and the amounts that the Hancocks should have been credited for expenses to remedy a variety of alleged defects in construction to complete the residence and to ensure the structural integrity of the home. The Hancocks also contend that the trial court erred in failing to consider the "cap" in the contract price to which the parties allegedly agreed.

John Allen Construction likewise disputes the trial court's award of damages, contending that the trial court erred in denying it profits in the amount of $5,680, and in allowing the Hancocks credits for repairs when the Hancocks allegedly denied John Allen Construction the opportunity to cure any purported defects in the construction.

As to all of these issues, on appeal, the factual findings of the trial court are reviewed *de novo* upon the record, accompanied by a presumption of correctness, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). The trial court's legal conclusions are reviewed *de novo*, and are accorded no presumption of correctness. **Carter v. Patrick**, 163 S.W.3d 69, 74 (Tenn. Ct. App. 2004).

In this case, the trial court's final order states only that it finds that John Allen Construction was "due an unpaid bill" from the Hancocks "in the amount of $71,092.00," adds profits of $5,680.00, and finds that "credits for money spent by the [Hancocks] in the amount of $43,800.00 should be credited against said debt." At oral argument on appeal, counsel for John Allen Construction indicated that the trial judge met with counsel for the parties and explained the basis for his ruling. Unfortunately, the record on appeal does not reflect such a discussion. Neither the voluminous transcript nor the technical record include any explanation of the trial court's determinations of credibility, its factual findings on the numerous allegations of material breaches or substantial defects in the construction, its factual findings on the necessity of remedial measures or amounts expended to complete the construction or address various alleged problems with the structural integrity of the home. There are no factual findings on the issues regarding the status of John Allen Construction's license or the ramifications of any such licensing issues, and no factual findings regarding the alleged "cap" in the contract price to which the parties purportedly agreed. We note that the final order states that John Allen Construction is "due an unpaid bill" from the Hancocks "in the amount of $71,092.00," and that this amount correlates with the amount sought by John Allen Construction in its original complaint. Apart from that, it is not possible to discern the basis on which the trial court calculated its award of damages.

In the interest of judicial economy, the appellate courts seek to resolve issues on appeal without a remand to the trial court. In some cases, however, such a remand is necessary, and is authorized under Tennessee statutes:

> The court shall also, in all cases, where, in its opinion, complete justice cannot be had by reason of some defect in the record, want of proper parties, or oversight without culpable negligence, remand the cause to the court below for further proceedings, with proper directions to effectuate the objects of the order, and upon such terms as may be deemed right.

T.C.A. § 27-3-128 (2000). Pursuant to this statute, an appellate court is permitted to remand the case for proper findings when the trial court has failed to make adequate factual findings necessary for the appellate court to make a just determination of the issues on appeal. *See Carver v. Crocker*, 311 S.W.2d 316, 322–24 (Tenn. Ct. App. 1957); *Hazard v. Hazard*, 833 S.W.2d 911, 917 (Tenn. Ct. App. 1991).

In the instant case, we are left with little choice but to vacate the money judgment and remand the case to the trial court for findings of fact and conclusions of law sufficient for the appellate court to ascertain the basis for the trial court's calculation of its award and to resolve the issues raised on appeal by both parties.

In conclusion, the trial court's ruling permitting witness Mishu to testify is affirmed. As to the other issues raised by both parties, the judgment is hereby vacated and the cause is remanded to the trial court for further proceedings consistent with this opinion. The costs of this appeal are taxed equally against both the Plaintiff/Appellee John Allen Construction and Defendant/Appellant Hancocks, and their sureties, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE